CONRAD M. WHITAKER

*vs.*

JOSEPH A. WICKERSHAM *et al.*

New Castle, Feb. T. 1878.

*Restraint, by equity, of prosecution of suit or enforcement of judgment at law.*

A court of equity will restrain the collection of a judgment or the prosecution of a suit at law, where there is satisfactory proof of accident,

mistake, or fraud ; but a true regard for the rights of co-ordinate judicial tribunals demands that this restraining power should not be exercised except in cases where the purposes of justice clearly require.

BILL TO RESTRAIN THE COLLECTION OF JUDGMENTS AND THE PROSECUTION OF A SUIT AT LAW.—The facts are fully stated in the opinion.

*William C. Spruance* for the complainant.

*Alexander B. Cooper* and *George Gray* for the defendants..

THE CHANCELLOR.—The bill of complaint in this cause is filed to restrain the collection of a judgment for $300, being No. 665 to the November Term, 1872, of the Superior Court of the State of Delaware, in and for New Castle County ;. and also to restrain the collection of a judgment for $100, being No. 704 to the November Term of said court, 1872 ;. and also to restrain a suit at law instituted by the said J. A. Wickersham & Co. against the complainant, as of the November Term, 1873, for the recovery of the amount of a due-bill mentioned in the bill of complaint.

The grounds upon which the interposition of this court is sought are in effect the want of consideration of the notes upon which the said judgments were respectively entered, and of the said due-bill, and also of fraud in the obtaining of said notes and due-bill by said J. A. Wickersham & Co.. from the complainant.

As explanatory of the circumstances under which said notes and due-bill were executed, and as constituting a state of facts deemed pertinent to the interposition sought, the complainant states in his bill the existence of a copartnership between him and the defendants, in respect to a barge called the "Payson," the running of said barge, her business, the purchase of her, the repairs in respect to her, her earnings and expenses, and the disposition of those earnings and the payment of those expenses. The bill also states the circumstances under which said notes and due-bill were given, and

various supposed equitable considerations, which, in the judgment of the complainant, entitle him to relief. The bill prays that the defendants may set forth a list or schedule of every book account, letter, paper, or writing, relating to the matters aforesaid, or either of them, mentioned in said bill, which now are or ever were in the possession or power of said defendants or either of them, in the office of the register of this court, for the inspection, examination, and perusal of the complainant, his solicitors and agents.

The second prayer of the bill is that the defendants shall make a full and true discovery and disclosure of and concerning all and singular the transactions and matters aforesaid, and that an account may be taken, by and under the direction and decree of the court, of all dealings and transactions between the complainant and defendants, and each of them.

The third prayer is that the balance which shall be found due from the defendants upon taking such account may be paid by them to the complainant, he being ready and hereby submitting to pay to them any balance which shall be found due from him to them on such account.

The fourth prayer is for injunction, and the fifth is for further relief.

The answer of the defendants is under oath.

Rule 23 of this court is as follows : " When a bill is filed other than for discovery only, the complainant may omit the interrogatories. In such case no exception shall be taken to the answer for insufficiency, and the answer shall have no effect, as evidence, at the hearing of the cause. But upon a motion to dissolve an injunction, or to discharge a *ne exeat*, an answer may in all cases be sworn or affirmed to as heretofore."

Rule 63 is : " If a preliminary injunction be issued, the defendant may put in his answer under oath or affirmation for the purpose of moving to dissolve the injunction, although an answer under oath or affirmation is waived by the bill or is not required by law."

The hearing has been, not on a motion to dissolve the injunction, but final on bill, answer, deposition, and exhibits.

The omission of interrogatories by the complainant is a waiver of the discovery prayed. The answer of the defendants is no evidence at the hearing. If, however, the answer contains any admission or statement by the defendants which may properly be regarded as an admission, the complainant may avail himself of that admission, but it must be the admission in its entirety and not in part only. In the view which I take of this case, considering the parties to it, I cannot determine the matters relating to the copartnership between the complainant and the defendants. All the copartners have not been made parties to the cause. The only questions, therefore, for me to determine are : (1) Were the said bonds and due-bill, or either of them, without consideration or fraudulent?—and (2) Has the complainant presented and established by proof such a case as warrants the exercise of the restraining power of this court?

There is no evidence in respect to the consideration of the bond of $900, on which the judgment No. 665 was entered, except the bill presented, which is mentioned in the sixth paragraph of the bill of complaint, by J. A. Wickersham & Co., to the complainants, and any admission in respect thereto by the defendants in their answer, and the testimony of Sharp (whom I consider for this purpose a competent witness) in relation thereto. That bill has relation to the barge, and matters connected with the barge. I consider it proved that J. A. Wickersham & Co. were the agents of the owners of the barge, who were Thomas Wickersham, the complainant, and the witness Sharp. The balance claimed by said bill as due by the complainant to J. A. Wickersham & Co. is $922.40. I think it satisfactorily appears that the bond for $900 was given in settlement of this balance. Whether there were or were not any repairs and loss of said barge during the year 1872, subsequent to April 1 of that year, does not appear from any evidence in the cause. It is alleged that the claim of Wood, Dialogue, & Co. for $1,767.02 constituted a part of the bill of April 1, 1872. It is proved by Sharp that in payment of this claim of Wood, Dialogue, & Co., J.

A. Wickersham & Co. made their promissory note in favor of Sharp, which he indorsed to Wood, Dialogue, & Co.; that the note was protested, and that Sharp paid it. The statement of the defendants in their answer in respect to this note is not evidence, but what Sharp swears in respect to it is evidence. What effect, in this respect, must his testimony have as to the complainant's right to restrain the collection of one fourth-part of said sum of $1,767.02?

In the view which I take of this question,—the complainant having given his bond for the sum of $900 to J. A. Wickersham & Co., who were agents for the owners of the barge, which included his share as part owner of the said sum of $1,767.02 (the agents receiving and paying moneys for their principals); Wickersham & Co. having made their promissory note, indorsed by Sharp to Wood, Dialogue, & Co., as aforesaid; the note having been protested and paid by Sharp,— Sharp could have no claim against the complainant for one fourth-part of the money so paid to Wood, Dialogue, & Co.; and any payment by the complainant to Sharp therefor, subsequent to the giving of the said judgment note to Wickersham & Co., was voluntary, and constitutes no defense to the right of Wickersham & Co. to recover against the complainant on his bond to them. The receipt from Sharp to Whitaker, for his share of the bill of Wood, Dialogue, & Co., of $1,767.02, and his share of other items contained in the receipt, bears date July 18, 1873, being subsequent to the date of the bond of Whitaker to Wickersham & Co. The remedy of Sharp upon the nonpayment by Wickersham & Co. of their note indorsed by Sharp to Wood, Dialogue, & Co., upon its nonpayment by them and payment by Sharp as indorser, was against Wickersham & Co. as the makers, and not against Whitaker for his proportion of the original consideration for which the note was given. There is no evidence that the share of Whitaker in the other charges mentioned in the receipt of Sharp constituted any part of the bond of Whitaker to Wickersham & Co. If Sharp was not indebted to Wickersham & Co. at the time he paid the note to Wood, Dialogue, & Co., he had

a legal claim against them not only for their individual share, but the share of Whitaker as part owner with them of the barge in respect to which the owners were indebted to Wood, Dialogue, & Co. ; but he had no legal claim against Whitaker for any part thereof. There is no evidence that any other payment made by Sharp or Whitaker, on account of anything connected with the barge or its business, was for anything which constituted any portion of the consideration for the judgment note of $900 by Whitaker to Wickersham & Co.; the statements in the bill in this respect not being in themselves evidence, and being wholly unsupported by any proof in the cause. The complainant exhibits the receipt of J. A. Wickersham & Co. for $500 on account of one-fourth repairs done to steamer "Edward Payson." This receipt is about two months subsequent in date to the bill of April 1 of the same year. There is no proof that these repairs were the same as those mentioned in that bill, nor whether they were repairs made subsequent to its date. There is nothing to show their connection with the consideration of the bond of $900. There being no proof upon the subject, I am not at liberty to draw any inference by which the rights of the parties may be concluded. The complainant also exhibits a receipt dated May 30, 1872, of J. A. Wickersham, for the complainant's note for $560.83, on account of the "Payson,"—repairs, etc. This appears to be the individual receipt of J. A. Wickersham, and not of J. A. Wickersham & Co. There is no evidence to connect it with the consideration of the bond for $900; and I am not at liberty to act upon any conjecture in respect thereto. There is no evidence that the note mentioned in the receipt has ever been paid, and the defendants in their answer make no admissions in respect thereto. The evidence does not otherwise show for what purpose it was given, or disclose any facts in respect to it. Has it been paid? Has it been canceled? Has it been delivered up? Is it in existence? I do not know, and therefore can determine nothing in respect to it. It appears, however, from the bill of complaint, that subsequently, on the 30th day of November, 1872, the complainant, who

was the master of said barge, and who, as such, must have had some general knowledge at least of the repairs done to the barge, of her earnings and losses, and of the business of the said barge, and with the said bill and the said receipts in his possession, gave his judgment bond to Wickersham & Co. for $900, and took his receipt therefor, expressing that it would be in full, when paid, of all demands for claims against one fourth of the "Edward Payson" and owners to date. In view of these facts and circumstances, and in the absence of sufficient proof to justify a perpetual injunction restraining the collection of the said judgment No. 665 to the November Term, 1872, of the Superior Court in and for New Castle County, I decline to continue the preliminary injunction heretofore awarded in respect thereto.

There is no proof whatever in respect to the consideration of the bond of $200, or the circumstances under which it was executed. I decline, therefore, to continue the preliminary injunction in respect to the same, or to make it perpetual.

There is no proof whatever in respect to the consideration of the due-bill mentioned in the fifth paragraph of the bill of complaint, or of the circumstances under which it was made. I therefore decline to continue the preliminary injunction restraining the prosecution of the action at law in said superior court upon said due-bill, or to make said injunction perpetual.

A court of equity will restrain the collection of a judgment, or the prosecution of a suit at law, where there is satisfactory proof of accident, mistake, or fraud; but a due regard for the rights of co-ordinate judicial tribunals, a proper respect for their records and proceedings, and for the protection and security of persons interested therein, demand that this restraining power should not be exercised except in cases where the purposes of justice clearly require it. This power was not intended as a protection against carelessness and inattention in the settlement of business transactions, but to protect against the consequences of that accident and mistake unavoidable by proper care and diligence, and against that subtle fraud which

5 DEL. CH. 13

poisons and destroys throughout its course, however stealthy be its tread. The proof in this cause, however, does not sufficiently establish the existence of accident, mistake, or fraud; and, without clear or satisfactory proof in respect to some one of these grounds of relief, it would be a dangerous exercise of power—where discovery, although prayed by the bill, must, under the rules of this court, be considered as waived by the omission on the part of the complainant to propound interrogatories to the defendants—to declare the solemn judgment of a court of law void and of no effect, and to restrain the exercise of its process for the collection of the same.

The preliminary injunction heretofore awarded in this cause is therefore dissolved, and the complainant's bill of complaint is dismissed, and it is ordered that the complainant pay the costs in three months, or attachment.