THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAIL-
ROAD COMPANY v. LIZZIE M. RODEBAUGH.

1. JURISDICTION — *Objection, Too Late.* Where an action against a rail-
road company is brought under the provisions of § 50 of the code
of civil procedure, before a justice of the peace, and judgment is
rendered against said company, and an appeal taken to the district
court, and said cause is again tried, without objection to the juris-
diction of the court, and judgment is again rendered against the de-
fendant, and thereupon the defendant moves for a new trial upon
the ground that the court had no jurisdiction: *Held,* That the objec-
tion to the jurisdiction comes too late to be available.

2. BAGGAGE, *Lost; Limiting Liability.* Where a limitation is inserted
in a railroad ticket, limiting the liability of the company to $100
in case of loss of baggage checked by virtue of the purchase of said
ticket, *held,* that said limitation is not binding on the purchaser of
said ticket, unless, with a knowledge of such limitation, he agrees to it.

*Error from Atchison District Court.*

ACTION brought by the defendant in error before a justice
of the peace, to recover the value of a trunk and its contents.
Trial, and judgment for the plaintiff. The defendant appealed.
Trial by the court, at the June Term, 1885; findings of fact
and conclusions of law, and judgment thereon in favor of the
plaintiff, defendant in error, for $211.25 and costs. The de-
fendant company brings the case here for review. The opin-
ion states the facts.

*Frank Royse,* for plaintiff in error.
*Tomlinson & Eaton,* for defendant in error.

Opinion by CLOGSTON, C.: This action was brought to re-
cover the value of a trunk and its contents, which plaintiff
in error received as baggage to be transported over its road
and connecting lines to Mitchell, Dakota territory. The find-
ings of fact by the court show the following: That on the
28th day of August, 1884, plaintiff, defendant in error, de-
siring to go from Atchison to Mitchell, Dakota territory,

applied to the defendant at Atchison for a ticket from Atchison to Mitchell, and was by the agent informed of the price of a ticket or fare between said points, which amount the plaintiff paid, and was given a ticket. The ticket received by the plaintiff was what was called a "skeleton ticket," with coupons attached, giving the names of the different roads over which plaintiff would travel in going from Atchison to Mitchell. At the time of receiving said ticket the agent made no statement of the contents of the ticket to the plaintiff, and she made no examination of the ticket. The heading of the ticket contained these words:

"Special limited ticket. Good for one continuous first-class passage, when [——] stamped by the company's agent, subject to the following contract: In selling this ticket for passage over other roads, this company acts only as agent, and assumes no responsibility beyond its own line. None of the companies represented in this ticket will assume any liability on baggage except for wearing apparel, and then only for a sum not exceeding $100."

Below this printed matter was left a blank space for the signature of the purchaser, and also for a witness. Plaintiff was not required to and did not sign said ticket, and it was not witnessed or signed by any one. No reduction of fare was made by reason of the stipulation contained in the ticket. This ticket was for a passage, first, over the defendant's road from Atchison to Council Bluffs; from Council Bluffs, over the Chicago & Northwestern Railway and the Sioux City & Pacific Railroad, to Sioux City; from Sioux City, over the Chicago, Milwaukee & St. Paul Railway, to Mitchell, Dakota. After receiving this ticket the plaintiff presented it to the baggage agent at the union depot at Atchison, and with it her trunk containing the usual wearing apparel of the plaintiff, and requested that the same be checked, which was done, and she received a check for the transportation of said trunk from Atchison to Mitchell, over the lines named in said ticket. Plaintiff boarded the defendant's train at Atchison, and defendant took charge of and placed said baggage upon the train, and the same was transported to Coun-

cil Bluffs. When it arrived there the trunk was by the defendant's agents in charge of the train, assisted by the employés of the union depot at Council Bluffs, unloaded from the baggage car and placed upon a truck, for the purpose of being transported into the depot. The defendant had also received as baggage, somewhere between Atchison and Council Bluffs, a box containing three jugs of sulphuric acid. The top of this box was covered with a cloth only. In unloading the baggage this box was placed on the top of the truck containing the trunk of the plaintiff, and in this condition the truck was rolled into the baggage room of the union depot by the employés of said depot, and in removing the baggage from the truck they first attempted to remove the box containing the sulphuric acid, and the contents of one of the jugs was spilled and ran over the baggage and the trunk of the plaintiff; the acid escaping by reason of the cork having been eaten up or destroyed by the acid, and the trunk and its contents were saturated by the acid and all of its contents destroyed or burned up, save and except two or three articles. Plaintiff, on arriving at her destination, presented her check, and was informed that her trunk had not arrived; whereupon she went to a hotel and remained nine days, at an expense of $11.25, waiting for her trunk to arrive. Finding that it did not come, she returned to Council Bluffs, and there learned of the destruction of the baggage, and the articles saved therefrom were turned over to her. Afterward she returned to Atchison, and commenced this action for the value of the trunk and its contents.

The first objection to this judgment is, that the court had no jurisdiction of the defendant, contending that as this action was brought under § 50 of the code of civil procedure, it (the defendant) did not come within the provisions of said section, under the facts shown in this case. The evidence shows, and the court found, that the defendant ran its train over its main line in Missouri, and at Atchison crossed the bridge owned by the bridge company to the union depot, over the tracks owned by the Union Depot Company, which company

was composed of seven railroad companies, among which was the defendant. Defendant backed its train over the bridge to the union depot, where it received baggage and passengers for transportation over its line. No evidence was shown that there was any lease by which the defendant ran its trains over the bridge and to the depot at Atchison. Under this evidence the defendant insists that it cannot be sued in the county of Atchison, for the reason that it does not lease, own or control any line of road in the city of Atchison. The record shows that this action was brought in a justice's court and appealed by defendant to the district court, where the case was tried upon the bill of particulars as filed in the justice's court. Nowhere does the record disclose any objections to the jurisdiction of the court, either before the justice of the peace or the district court, and the first objection made to the jurisdiction of the court was made in the motion for a new

1. Jurisdiction; objection, too late.

trial. This seems to us to be too late to raise that question. If the defendant desired to challenge the jurisdiction of the court it ought to have done so at an earlier period in the history of this case. ( *Miller v. Bogart,* 19 Kas. 117; *N. M. Rld. Co. v. Akers,* 4 id. 453; *Shuster v. Finan,* 19 id. 114.)

The second reason assigned why this judgment should be reversed or modified is, that the ticket issued by the defendant, and under which this baggage was checked, was a contract limiting the liability of the defendant in case of loss of baggage to $100. It is perhaps true that the defendant might by a special contract limit its liability, so as not to be responsible in case of loss of baggage beyond a given sum, provided the contract was a reasonable restriction. In this case there was no contract on the part of the plaintiff, and no knowledge was conveyed to her of any intention on the part of the defendant to limit its liability save and except what the ticket itself contained, and this was not read or its contents made known to the plaintiff. Can this be called an implied contract? We think that, before the plaintiff can be bound by the declara-

2. Baggage, lost; limiting liability. tions in the ticket for transportation on a passenger train, the restrictions or limitations sought to be made must be known to her, and she must have accepted the ticket with a full knowledge of the restrictions contained therein. This ticket contained a blank for the signature of the purchaser, and that signature was to be witnessed by some one. This was not done in this case. The object of that blank space being left there was, doubtless, that the attention of a purchaser might be called to the conditions of the ticket, and when called to sign it he would then know its contents. This would constitute a contract between them, but without it there would be no contract and no restriction or limitation of the liability of the company. The ticket is not a contract of itself; it is simply evidence of a contract. (Lawson on Carriers, §§ 106, 107.) Before the giving of this ticket there was nothing said between the parties that one was to limit his liability under certain conditions or circumstances, and consequently the ticket could not be evidence of a contract that did not exist. Again, where a person purchases a ticket, he does not expect that thereby he is making a contract limiting the liability of the railroad company, but simply that he is receiving a check showing that the fare has been paid over the line to the place of destination, wherever that may be. (*B. & O. Rld. Co. v. Campbell*, 36 Ohio St. 657; *Railroad Co. v. Fraloff*, 100 U. S. 24; *A. T. & S. F. Rld. Co. v. Roach*, 35 Kas. 740, and cases there cited.)

But defendant insists that this baggage was not destroyed or injured while in its possession or under its control, but after it had been transferred to the employés of the union depot at Council Bluffs. True, the baggage was in the union depot when it was destroyed, but it was there in the same condition that it was left or placed in by the agents of the defendant. Its employés had placed it upon the truck, and after it was placed there, with other baggage, nothing was done to it by the employés of the Union Depot Company to cause its destruction, but it was destroyed by reason of improper baggage

having been placed on top of the trunk, which, when placed in the depot, its contents were spilled over the baggage, thus destroying it. Then it was the act and negligence of the defendant that caused the injury: it had received a box not in condition to be taken as baggage, containing a jug of acid, which was liable to be broken and its contents spilled over the baggage, and had carelessly and negligently placed such box on the trunk of the plaintiff. Without passing upon the question as to the liability of the defendant had the baggage been transferred to a connecting line, and then by the negligence of the employés of said connecting line the baggage had been lost, we hold that the defendant, by its negligence and carelessness, caused the destruction of this baggage, and is liable therefor.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.