DAVIS et al. v. DISTRICT COURT OF TULSA COUNTY et al.

No. 19068.   Opinion Filed Jan. 17, 1928.

Rehearing Denied Feb. 21, 1928.

(Syllabus.)

1.   Injunction—Courts—District Court not Authorized to Enjoin Prosecution of Personal Injury Action Against Railroad in Another District Court of Co-ordinate Jurisdiction.

By reason of section 6, art. 2, of the Constitution, providing the courts of justice of the state shall be open to every person, and speedy and certain remedy afforded every wrong and for every injury to the person, property, or reputation, and right and justice shall be administered without sale, denial, delay, or prejudice, and by reason of section 203, C. O. S. 1921, providing: "Actions may be commenced against any transportation or transmission company, * * * in the county where the cause of action, or some part thereof may have accrued, or in any county through which or into which the lines of road or any part of the structure of such company may be, or pass, and the plaintiff may elect in which county he will bring the action," parties are not to be enjoined by a court of co-ordinate jurisdiction from prosecuting an action in another district court, because it be alleged in a verified petition that plaintiff is not a citizen of the state, that personal injuries were sustained in a county apart from where the action at law is filed, that practically all witnesses live in adjacent county, that witnesses cannot personally attend the trial, that it is allegedly necessary that the jury view the crossing where the alleged injury occurred.

2.   Same—Powers of Court of Equity to Restrain Action in Court of Law.

Section 109, 14 R. C. L. 408: "While courts of equity are loath to exercise their power to restrain actions in a court of law, yet the doctrine that they may so act, on a proper showing justifying their interposition, is recognized, and, in fact, well settled. * * *"

3.   Same.

But a due regard for the rights of co-ordinate judicial tribunals, a proper respect for their records and proceedings, and for the protection and security of persons interested therein, demand that this restraining power should not be exercised, except in cases where the purposes of justice clearly require it.

4.   Same—Orderly Proceedings at Law not Subject to Be Restrained.

An action in equity, the sole purpose of which is to enjoin regular and orderly proceedings at law, will not lie.

**5. Prohibition—Writ Against Inferior Court Attempting to Exercise Unauthorized Judicial Force.**

Prohibition is the proper remedy where an inferior court is attempting to make an excessive and unauthorized application of judicial force in a case otherwise properly cognizable by it.

Original action for writ of prohibition by Phil W. Davis, Jr., and another against the District Court of Tulsa County and R. L. Hudson, Judge. Writ granted.

Baxter Taylor and Phil W. Davis, Jr., for petitioners.

Owen & Looney, for respondents.

RILEY, J. This is an original action wherein is sought a writ of prohibition against the district court of Tulsa county and the respondent R. D. Hudson, a judge thereof, to stay the further consideration of an action in equity and the enforcement of a temporary injunction issued by respondent in cause No. 40855 in the said district court.

The temporary injunction complained of restrains petitioners, duly licensed attorneys of this state, from further prosecuting an action at law for alleged personal injuries styled "Stewart B. Ware v. Kansas, Okla. & Gulf Ry. Co.," numbered 3907, and filed in the district court of Mayes county.

The Exhibit "A," attached to and made a part of the verified petition of plaintiff below, presented to that court the action pending in the district court of Mayes county, and showed the fact to be that the defendant railway company owned and operated a line of railway in the state of Oklahoma running through the county of Mayes as well as Muskogee county. This fact was also established by an affidavit filed in cause No. 40855 by Phil W. Davis, Jr. The alleged injury made the basis of the action in Mayes county district court is set out in the exhibit as having occurred three miles west of the city of Muskogee at an intersection of the highway and the line of the railway company.

The verified petition below, as grounds for equitable relief, alleged: (1) That Ware was not a citizen of the state of Oklahoma; (2) that the personal injuries complained of in the Mayes county action were alleged in that action to have been sustained in Muskogee county; (3) that practically all the witnesses live in or near Muskogee: (4) that in the Mayes county action the plaintiffs are attempting to vexatiously annoy and harrass the defendant and to prejudice defendant's rights and prevent a fair trial;

(5) to deprive defendant of its right to have witnesses personally attend the trial and testify by reason of filing the action in Mayes county; (6) that it will be necessary that the jury view the crossing where the alleged injury occurred.

All of these allegations except the first three were denied by a verified affidavit filed below by petitioner Davis, and in addition in the said affidavit it is stated under oath that the action in Mayes county district court is brought in good faith; that the cause is meritorious and that the affiant intends to prosecute the action in good faith to a conclusion and that there exists no purpose on behalf of affiant to harrass, annoy, or vex the railroad company.

No testimony was taken below. The verified affidavits constitute all evidence adduced, all of which is here presented.

Section 203, C. O. S. 1921, provides in part:

"Actions may be commenced against any transportation or transmission company * * * or in the county where the cause of action, or some part thereof, may have accrued; or in any county through which or into which the lines of road or any part of the structure of such company may be, or passes; and the plaintiff may elect in which county he will bring the action."

Section 6, art. 2, Constitution of Oklahoma, provides;

"The courts of justice of the state shall be open to every person, and speedy and certain remedy afforded every wrong and for every injury to person, property or reputation; and right and justice shall be administered without sale, **denial, delay, or prejudice.**"

No court has power to ignore an act of the Legislature. Hayne v. Justice Court (Cal.) 23 Pac. 125, holding:

"A court that proceeds in the trial of a cause against the express prohibition of the statute is exceeding its jurisdiction, and may be prevented * * * by prohibition from this court."

Under section 203, supra, the action for personal injuries was legally brought in Mayes county. Newberry v. A., K. & C. Ry. Co., 52 Kan. 613, 35 Pac. 210; Barse Com. Co. v. Turner, 56 Kan. 778, 44 Pac. 987; C., I. K. R. Co. v. Townsdin, 38 Kan. 45, 15 Pac. 889; Hannibal & St. J. R. Co. v. Kanaley, 39 Kan. 1, 17 Pac. 324.

It may be the court below considered the action in Mayes county legally brought, but granted injunctive relief to respondent for other reasons. As to what those reasons

were we cannot know from the order of temporary injunction, for the order recites none.

We are not now concerned as to the correctness or lack thereof in the action of the lower court—that matter may well be considered on appeal—except in so far as we examine to ascertain whether the court below had jurisdiction to render the particular judgment. The court below had jurisdiction of the parties. It had jurisdiction of the subject-matter.

Section 109, 14 R. C. L. 408, reads as follows:

"While courts of equity are loath to exercise their power to restrain actions in a court of law, yet the doctrine that they may so act, on a proper showing justifying their interposition, is recognized, and, in fact, well settled. The authorities are generally agreed that where by accident, mistake, fraud, or otherwise, a party has an unfair advantage in a proceeding in a court of law, which must necessarily make the court an instrument of injustice, and it is therefore against conscience that he should use that advantage, a court of equity will restrain him from so doing. The relief is generally granted on the ground that from certain equitable circumstances of which the court granting the process has cognizance, it is against conscience that the party inhibited should proceed in the cause. The object is to prevent an unfair use being made of a court of law, in order to deprive another party of his just right or subject him to some unjust vexation or injury which is wholly irremediable in that tribunal. Such an injunction is regarded as an auxiliary writ to restrain parties from proceedings before the ordinary tribunals, where equitable elements are involved in the dispute. Thus an injunction against actions or claims for which a valid release has been made has been granted when the trial at law might affect the reputation and character of the defendant in the community because of charges and revelations as to his past conduct, whether real or fabricated, on which the claims were based. Similarly a mortgagor may maintain an action to enjoin the foreclosure of a mortgage under a power on the ground that it was without consideration, though it was executed for the purpose of hindering and delaying his creditors. The court, in like manner, may grant this relief where it is clear that there is not an adequate remedy in the action at law, and because of the powers of equity being more ample, pliant and flexible, it may be better able in one action to afford full relief to the parties. So a court having jurisdiction of the main purposes of a bill in equity has the right to grant such auxiliary or incidental relief as may be necessary to make the relief sought complete. * * *"

The question first occurring is: Did the lower court have jurisdiction to render the particular judgment? Is lack of jurisdiction apparent on the face of the proceedings? In answering this we are not without doubt.

In Wilson v. Miller, 143 Ala. 264, 5 Ann. Cas. 724, it is said: "If there were no averment of fraud, it may be seriously questioned whether such a bill would lie or ought to be maintained," in considering a bill in equity to cancel a void deed and arrest an action in ejectment. Many cases hold fraud must be made clearly to appear before a court of equity will enjoin proceedings in courts of law. Gaines v. Nicholson, 9 How. (U. S.) 356; Browner v. Franklin, 4 Gill (Md.) 463; Douglass v. Boardman, 113 Mich. 618, 71 N. W. 1100; Roemer v. Conlon, 45 N. J. Eq. 234, 19 Atl. 664; Bridges v. Robinson, 2 Tenn. 720; Griffith v. Reynolds, 4 Gratt. (Va.) 46. And equitable jurisdiction has been sustained where mistake was involved and the court of law not fully able to protect the defendant. Stanton v. Embry, 46 Conn. 595.

In Whitaker v. Wickersham, 5 Del. Ch. 187, the court said:

"But a due regard for the rights of co-ordinate judicial tribunals, a proper respect for their records and proceedings, and for the protection and security of persons interested therein, demand that this restraining power should not be exercised except in cases where the purposes of justice clearly require it."

In Crane v. Bunnell, 10 Paige (N. Y.) 333, it was held that a court of equity will not, in a case of concurrent jurisdiction, grant an injunction against a pending action in a court of law for the mere purpose of transferring the jurisdiction from the law court.

In 32 C. J. 86, the rule is stated:

"* * * Where plaintiff in an action at law is not abusing the legal process and defendant is not being oppressed or defrauded, then, of course, such defendant has no standing in a court of equity and no right to an injunction."

In Thompson v. G. W. Acc. Ass'n, 136 Iowa, 557, 114 N. W. 31, it was held:

"An action in equity, the sole purpose of which is to enjoin regular and orderly proceedings at law will not lie."

In Chicago, M. & St. P. Ry. Co. v. McGinley, 175 Wis. 565, 185 N. W. 218, it was held that injunction would not lie because it was necessary to take depositions on account of the residence of the large

number of witnesses. Am. Express Co. v. Fox, 135 Tenn. 489, 187 S. W. 1117, Ann. Cas. 1918B, 1148.

In Pittsburgh, etc., R. Co. v. Grimm, 28 Pa. Dist. 419, and Chicago, M. & St. P. Ry. Co. v. McGinley, supra, it was held that no sufficient ground existed for such injunctive relief because it would be impossible to take the jury to view the premises where an accident occurred.

In 32 C. J. 119, the rule is stated:

"No injunction will be granted where no equitable ground is shown, the burden of making such a showing being on complainant."

14 R. C. L. 418, states the rule that inconvenience furnishes no ground for such an order.

We have seen from the cases and texts cited that if everything alleged as a primary fact in the petition of plaintiff below be considered as true, the particular judgment of injunctive relief nor any* other relief should have been granted, but we need not bottom this decision on the third essential of jurisdiction (namely, jurisdiction to render the particular judgment), for there is another foundation, most firm. Even if the court below possessed all the requirements of jurisdiction under the authorities heretofore set out, in view of section 203, cited, by reason of the constitutional mandate of this state, quoted, the district court of Tulsa county, though it be considered as having jurisdiction, made an excessive and unauthorized application of judicial force, and it is the duty of this court under article 7, sec. 2, of the Constitution to exercise over it a superintending control.

In Yarhola v. Duling, 86 Okla. 171, 207 Pac. 293, this court said:

"Prohibition is the proper remedy where an inferior court is attempting to make an excessive and unauthorized application of judicial force in a case otherwise properly cognizable by it." Wesley v. Carr, County Judge, 114 Okla. 121, 244 Pac. 436.

Kincannon v. Pugh, 114 Okla. 90, 243 Pac. 945:

"Prohibition is the proper remedy where an inferior court is attempting to make an excessive and unauthorized application of judicial force in a case otherwise properly cognizable before it, or where the lack of jurisdiction is apparent on the face of the proceedings."

In Owens v. District Court, 43 Okla. 442, 143 Pac. 17, this court said:

"To further proceed therein would be an unauthorized application of judicial force, to require the plaintiff herein to invoke the remedy of appeal from the void action of such court and occasion the delay and expense necessarily incident thereto would result in unnecessary and unreasonable hardship, and therefore petitioner is entitled to a writ of prohibition."

In A., T. & S. F. Ry. Co. v. Love, 29 Okla. 738, 119 Pac. 207, this court said the writ will not be withheld because other concurrent remedies exist, it not appearing that such remedies are equally adequate and convenient. City of Tulsa v. Corp. Com., 96 Okla. 180, 221 Pac. 1000.

In the very recent case of Hoffman, Judge, v. State of Missouri, 274 U. S. 21, the Supreme Court of the United States, in affirming a decision awarding mandamus of the Supreme Court of Missouri, 309 Mo. 625, said, notwithstanding the contention "that in the action in question there were at least eleven employees working for it in Kansas who were material witnesses, without whose attendance it could not safely proceed to trial; that to procure their attendance at the trial in Missouri would cause absence from their work in interstate commerce; and * * * would subject the carrier to expense":

"Its judgment directed the judge of an inferior court to set aside a judgment dismissing an action and ordered him to entertain jurisdiction. That action had been brought under the Federal Employers' Liability Act, U. S. Comp. St. secs. 8657-8665, by a citizen and resident of Kansas for the death of an employee of the Missouri Pacific Railroad. The accident occurred on its line in Kansas, and the deceased was a citizen of Kansas at the time of his death. The railroad is a Missouri corporation. The action was brought in a county traversed by the railroad, in which it had an office and an agent for the transaction of business. Under a statute of the state it was liable to suit there. 1919 Mo. Rev. Stat. 1180."

The petitioners are clearly entitled to the relief here sought. Let the writ of prohibition as prayed for issue.

BRANSON, C. J., and MASON, PHELPS, LESTER, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See under (1) 32 C. J. p. 87, §74, (2) 32 C. J. p. 84, §70; anno. 49 L. R. A. (N. S.) 496; 14 R. C. L. p. 408; 3 R. C. L. Supp. p. 228; 4 R. C. L. Supp. p. 902; 5 R. C. L. Supp. p. 764. (3) 32 C. J. p. 85, §73. (4) 32 C. J. p. 87, §74. (5) 32 Cyc. p. 604.