## MISSOURI, K. & T. R. CO. v. WILKINS et al.

Nos. 19516, 19517, Consolidated.

Opinion Filed March 24, 1931.

M. D. Green, John E. M. Taylor, and Eric Haase, for plaintiff in error.

Rittenhouse Lee, Webster & Rittenhouse, for defendants in error.

KORNEGAY, J. The foundation of these cases was an injury to the plaintiffs Wilkins in an automobile crossing accident. It happened at Cushing, Okla., January 24, 1924. The injured parties employed as their attorneys, Sizer & Gardner, residents of Missouri, to look after their interests.

They brought suit in Vernon county, Mo., in the state court. The injuries sustained were of a personal nature, and were very serious. One of the suits as finally brought was for $70,000, the other for $25,000. The plaintiffs' lawyers were skillful lawyers in personal injury cases. The defendant railroad was incorporated under the laws of the state of Missouri, and its main line ran through Vernon county, Mo. Plaintiffs' lawyers lived in Missouri. Plaintiffs appear to have been residents of Oklahoma. The defendant railroad applied to the district court of Payne county to enjoin proceedings in the district court of Vernon county, state of Missouri.

The court enjoined the action in Missouri, and the defendants in the injunction suit, complainants in the damage suit, filed answers setting up the claim for damages. The railroad did not want this done. The court thought it ought to be settled, all parties being before the court; and the parties tried out their contentions, resulting in judgments against the railroad.

The railroad brought the case to this court. This court held that the court below should not have tried out the issues between the parties on the merits of the case, when the plaintiff in the original case came into court only to keep the case from being tried in the Missouri court, and directed the lower court to dismiss the cross-bill.

When the case was decided, giving plaintiffs their judgments against the railroad, the court made findings of fact and conclusions of law. At page 100 of the case-made the findings of fact end, and the conclusions of law begin, and the first conclusion is as follows:

"The court concludes, as a matter of law, that John E. Wilkins and Irma Wilkins

should be permanently enjoined from prosecuting this suit in Nevada, Missouri. (Excepted to by plaintiff and exceptions allowed.)

"Charles C. Smith, Judge.

"That John E. Wilkins was injured by reason of the negligence of the plaintiff in failing to give him a reasonable opportunity to protect himself at a dangerous crossing, and that by reason of his injuries he has been damaged in the sum of $12,000 and the further sum of $2,740 expense incurred for himself and his daughter by reason of their injuries. (Excepted to by plaintiff and exceptions allowed.)

"Charles C. Smith, Judge.

"That Irma Wilkins was injured by reason of the negligence of the railroad company at the same time and place, and by reason of her injuries has been damaged in the sum of $7,500. (Excepted to by plaintiff and exceptions allowed.)

"Charles C. Smith, Judge."

Indorsements on back thereof:

"Con. No. 6963.

"In the District Court within and for Payne County, Oklahoma.

"M-K-T R. R. Co., Plaintiff, v. John E. Wilkins, Defendant. No. 6963.

"M-K-T R. R. Co., Plaintiff, v. Rosa Wilkins, Defendant. No. 6964.

"Court's Findings of Fact and Conclusions of Law.

"Filed January 8, 1926, John A. Snow, Court Clerk by LB deputy."

There was some conflict as between the attorneys as to how the journal entry, based on these conclusions of law, was worded as it was. As to whether the court below, on the application to punish for contempt, reached the conclusion that the injunction granted was beyond the conclusions of law filed and excepted to by the railroad company, or was improvidently issued, we are not able to determine, but it appears that after argument of counsel, "the court, being fully advised in the premises, finds that defendants are not guilty of contempt on the record as it now stands." The date of the order was January 13, 1928.

On January 17, 1928, this court rendered the decision in Davis v. District Court of Tulsa County, 129 Okla. 236, 264 Pac. 176. The doctrine and decisions there cited will show that the original injunction, if permissible at all, was on the border line. The case cited from the Supreme Court of the United States (Hoffman v. State of Missouri, 274 U. S. 21, 47 S. Ct. 485) has a great many of the aspects of the original case. The trial judge found the parties not guilty of contempt.

At the instance of the railroad we are asked to reverse the finding. We should not do so. The findings of not guilty will not be disturbed. The cost of the proceedings for contempt will be taxed in each case to the plaintiff in error, and the proceedings of the lower court holding defendants in error not guilty of contempt are affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur.

HEFNER, J., absent.