**ST. LOUIS–SAN FRANCISCO RY. CO.**

v.

**SUPERIOR COURT, CREEK COUNTY et al.**

No. 36414.

Supreme Court of Oklahoma.

July 13, 1954.

James L. Homire, St. Louis, Mo., Satterfield, Franklin & Harmon, Oklahoma City, for petitioner.

Arthurs & Blackstock, Bristow, Bishop & Driscoll, Seminole, for respondent.

Rainey, Flynn, Green & Anderson, Oklahoma City, General Solicitors, A. T. & S. F. Ry. Co.; Savage, Gibson, Benefield & Shelton, Oklahoma City, Attorneys for Oklahoma, C., R. I. & P. R. Co.; Dan M. Welch, Oklahoma City, General Attorney for Oklahoma, M.-K.-T. R. R. Co., amici curiae.

WILLIAMS, Justice.

This is an original proceeding in this court commenced by St. Louis-San Francisco Railway Company, hereinafter referred to as petitioner, to prohibit the respondent, Hon. Wm. L. Cheatham as Superior Judge, from proceeding in the cases of J. E. Murphey v. St. Louis-San Francisco Railway Company, No. 4816, in the Superior Court of Creek County, and Adolphus L. Kirk v. St. Louis-San Francisco Railway Company, No. 4815, in said court, on the ground that said court is an inappropriate and inconvenient forum for the trial of said transitory actions.

In the alternative, petitioner asks this court to assume jurisdiction in an original proceeding under its constitutional superintending control of inferior courts, and to issue such proper remedial orders to the respondent as may be necessary to insure uniformity of decision among the various inferior courts of record within the State.

It is alleged in the application that the question to be presented involves a conflict of opinion among the inferior courts of this state, which cannot be raised on appeal.

It appears from the application that in the latter part of 1953 three damage suits for personal injuries under the Federal Employers' Liability Act were filed against petitioner in Seminole County, Oklahoma. All three plaintiffs in these suits, J. E. Murphey, Adolphus L. Kirk, and Ernest R. Maples, were, and are, bona fide citizens and residents of Springfield, Missouri. Petitioner is a Missouri Corporation. None of the alleged torts occurred in the State of Oklahoma. Petitioner filed verified motions to dismiss said actions, supported by

affidavits, but before said motions were heard, plaintiffs Murphey and Kirk dismissed their actions without prejudice. The Maples case is still pending on petitioner's motion to dismiss. On February 7, 1954, Plaintiffs Murphey and Kirk refiled their actions in the Bristow division of the Superior Court of Creek County, Oklahoma. Petitioner again filed verified motions to dismiss said actions, supported by affidavits. At the hearing held on these motions oral testimony was offered, in addition to the verified motions and supporting affidavits, and the court took judicial notice of the status of the civil docket. No evidence or affidavits in opposition were offered by plaintiffs in either case. Petitioner's showing reasonably tended to establish the following situation:

Plaintiff Murphey, a resident of Springfield, Missouri, was allegedly injured at that place; all of the witnesses except two reside at Springfield, Missouri, and the other two witnesses reside at St. Louis, Missouri; that petitioner is amenable to service of process in both State and Federal Courts in Springfield, Missouri, and these courts are available to plaintiff for a prompt hearing and determination of his claim. Plaintiff Kirk, also a resident of Springfield, Missouri, was allegedly injured at Arkansas City, Kansas; that none of the witnesses or parties reside in Creek County, Oklahoma, but that some of them reside at or near Arkansas City, Kansas, others reside at or near Springfield, Missouri, and all of them reside at places closer to either of those places than Creek County, Oklahoma; that petitioner is amenable to service of process of both State and Federal Courts, in both Springfield, Missouri, and Arkansas City, Kansas. Petitioner further showed that the cost to it of defending these cases in Creek County, Oklahoma, would exceed the cost of trying them either at Springfield, Missouri or Arkansas City, Kansas, by over $4000.

Neither plaintiff advanced any reason why the cases should be tried in Creek County, Oklahoma, but rather took the position that they were entitled to such trial as a matter of right.

It is undisputed that the Superior Court of Creek County has both jurisdiction and venue to try these cases, and petitioner's motions to dismiss were based solely on the proposition that such court is an inappropriate and inconvenient forum for the trial of these cases.

After hearing the motions to dismiss, the court held that if it had both jurisdiction and venue, it had no power to dismiss said actions on the grounds of inappropriate and inconvenient forum.

Petitioner's application further shows by appropriate exhibit that the District Courts of Oklahoma and Tulsa Counties have held that they have the inherent power to dismiss actions such as those here in question on the grounds of inappropriate and inconvenient forum, thus indicating a conflict of authority among the inferior courts of the state.

We are thus presented with the question of whether a district or superior court of this state can, because of inconvenience to court and parties, dismiss an action brought by a non-resident plaintiff against a foreign corporation on a cause of action arising outside this state.

Apparently the question is one of first impression with this court. We are therefore called on, in effect, to determine the availability in Oklahoma of the doctrine of "forum non conveniens" as a ground for refusal by a court to exercise jurisdiction over a cause of action which arose outside the State's boundaries.

The rule of "forum non conveniens" is an equitable one embracing the discretionary power of a court to decline to exercise the jurisdiction it has over a transitory cause of action when it believes that the action before it may be more appropriately and justly tried elsewhere. Leet v. Union Pac. R. R. Co., 25 Cal.2d 605, 155 P.2d 42, 158 A.L.R. 1008. More simply stated, it is the principle that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.

The doctrine was recently adopted by the Supreme Court of Utah in a lengthy and well-reasoned opinion in the case of Mooney v. Denver & R. G. W. R. Co., 221 P.2d 628. The opinion therein contains an exhaustive résumé of the authorities bearing on the question from the various jurisdictions.

The Supreme Court of California also recently adopted the doctrine as applied to Federal Employer's Liability cases in the case of Price v. Atchison, Topeka & Santa Fe Railway Co., 268 P.2d 457. The history of the application of the doctrine in California is most interesting and also most pertinent. In the case of Leet v. Union Pac. R. R. Co., 25 Cal.2d 605, 155 P.2d 42, the California court held that a court of that state having jurisdiction over an action under the F.E.L.A. could not refuse to exercise it. The holding was based primarily on the court's view that the decision of the United States Supreme Court in Miles v. Illinois Central R. R. Co., 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129, was completely decisive that the doctrine of forum non conveniens is no justification for a state court's refusing jurisdiction of an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and the court concluded that the state court must take jurisdiction. Following this decision by the California court, the United States Supreme Court considered the question in the case of State of Missouri ex rel. Southern R. Co. v. Mayfield, 340 U.S. 1, 71 S.Ct. 1, 95 L.Ed. 3, 6, and declared that the Miles case did not limit the power of a state to deny access to its courts to persons seeking recovery under the Federal Employers' Liability Act if in similar cases the state for reasons of local policy denies resort to its courts and enforces its policies impartially, so as not to involve discrimination against Employers' Liability Act suits and not to offend against the privileges and immunities clauses of the constitution. The court in its opinion expressly recognized the power of each state to reject or accept the doctrine of forum non conveniens for all actions begun in its courts, including those arising under the F.E.L.A., so long as it discriminates against neither citizens of sister states nor F.E.L.A. actions. The California Supreme Court thereafter reconsidered the question in the case of Price v. Atchison, T. & S. F. Ry. Co., supra, and thereupon reversed its previous holding in the Leet case, supra, holding that upon a proper showing and within the limitations imposed by the privileges and immunities clause of the federal constitution the doctrine of forum non conveniens may be applied in that state.

Respondent contends that a state court cannot decline jurisdiction of an action brought under the Federal Employers' Liability Act when its jurisdiction as prescribed by local laws is adequate. While there is some authority to support this proposition, in that the Supreme Court of Missouri has apparently so held, we are of the opinion that the Supreme Court of the United States has consistently held to the contrary, as have the courts of several of the states.

In the case of Chambers v. Baltimore & Ohio R. R. Co., 207 U.S. 142, 28 S.Ct. 34, 35, 52 L.Ed. 143, the court said:

> "But, subject to the restrictions of the Federal Constitution, the state may determine the limits of the jurisdiction of its courts, and the character of the controversies which shall be heard in them. The state policy decides whether and to what extent the state will entertain in its courts transitory actions, where the causes of action have arisen in other jurisdictions."

In the case of Douglas v. New York, N. H. & H. R. Co., 279 U.S. 377, 49 S.Ct. 355, 356, 73 L.Ed. 747, Mr. Justice Holmes, speaking for the court, made the following observation:

> "As to the grant of jurisdiction in the Employers' Liability Act that statute does not purport to require State Courts to entertain suits arising under it but only to empower them to do so, so far as the authority of the United States is concerned."

The clearest and most recent holding of the Supreme Court of the United

States on this question is, of course, the case of State of Missouri ex rel. Southern R. Co. v. Mayfield, supra, the gist of the holding therein being hereinabove set forth. This case clearly disposes of respondent's argument that a state court cannot decline jurisdiction of an F.E.L.A. action.

Respondent further contends that to apply the doctrine of forum non conveniens in Oklahoma in Federal Employers' Liability cases would violate the privileges and immunities clauses of the federal Constitution.

■ This contention would be well taken if we were to hold that the doctrine was applicable only in cases arising under federal acts, or if we were to arbitrarily discriminate against certain plaintiffs by refusing to enforce a right granted by a federal statute. This we do not propose to do. As was said in the State of Missouri ex rel. Southern R. Co. v. Mayfield case, supra, in refusing to exercise jurisdiction under the doctrine of forum non conveniens, a state may not, by reason of the privileges and immunities clauses of the federal Constitution, allow suits in its courts by its own non-resident citizens for liability arising out of conduct outside that state and discriminatorily deny access to its courts to a non-resident who is a citizen of another state. But if a state chooses to prefer residents in access to often over-crowded courts and to deny such access to all non-residents, whether its own citizens or those of other states, it is a choice within its own control. This is true also of actions for personal injuries under the Federal Employers' Liability Act. Douglas v. New York, N. H. & H. R. Co., supra. In the Douglas case, the court said at page 387 of 279 U.S., at page 356 of 49 S.Ct.:

> "There are manifest reasons for preferring residents in access to often overcrowed courts, both in convenience and in the fact that broadly speaking it is they who pay for maintaining the Courts concerned."

■ There is no doubt that the courts of this State have accepted and exercised jurisdiction over transitory causes of action, which arose outside of Oklahoma in favor of citizens of other jurisdictions, non-resident in Oklahoma. Oklahoma Courts have also accepted jurisdiction of F.E.L.A. cases, both as to causes of action which arose in this State, and as to those which arose outside of Oklahoma in favor of non-resident, non-citizen plaintiffs against foreign corporations doing business in this state. We know this to be true because such cases have come before this court on appeal. It should therefore be clear that this State has no established policy, either statutory or judicial, of discrimination against either non-citizens of Oklahoma or F.E.L.A. actions in determining when a non-resident will be given access to Oklahoma Courts to litigate a cause of action which arose elsewhere. We therefore perceive no reason why the doctrine of forum non conveniens should not be available in this State, upon a proper showing and in the absence of discrimination against either non-citizens of Oklahoma or F.E.L.A. cases. So far as F.E.L.A. cases are concerned, Congress in 1948 empowered federal district courts to transfer civil actions, including F.E.L.A. cases, to any other district or division where they might have been brought "for the convenience of parties and witnesses, in the interest of justice". 28 U.S.C.A. § 1404. Since there is no statutory authorization for such transfer by State courts, we are of the view that the possible injustices and the possible burden upon local courts, taxpayers, and those leaving their work and businesses to serve as jurors, as well as upon non-resident defendants, which can follow from an unchecked and unregulated importation of transitory causes of action for trial in this state may authorize our courts, acting upon the equitable principles and within the constitutional limits hereinabove stated, in the exercise of their discretion, to decline to proceed in those causes of action which they conclude, on satisfactory evidence, may be more appropriately and justly tried elsewhere. Otherwise, a situation would result in which a federal district court situated in Oklahoma could in the interest of justice transfer to another district an F.E.L.A.

action filed here, thus declining to exercise jurisdiction whereas a state court, regardless of the equities involved, would be powerless to decline to exercise jurisdiction in a comparable action brought therein. Such a situation would, in our view, be neither desirable nor promotive of justice.

Respondent also contends that we held in the case of Davis v. District Court of Tulsa County, 129 Okl. 236, 264 P. 176, 57 A.L.R. 72, that the doctrine of forum non conveniens was not applicable under Oklahoma law. Such is not the case. That case dealt with a situation where one district court was asked to enjoin the prosecution of an action in another district court of co-equal jurisdiction and was not concerned with a situation where the court in which an action is filed is asked to decline such action on the ground that it would be more appropriate and convenient to prosecute the action in another state or district. We held therein that an action in equity, the sole purpose of which is to enjoin regular and orderly proceedings at law, will not lie, and the case is authority only for the proposition that one district court may not, by injunction, interfere with proceedings in another district court of co-equal jurisdiction, which proceedings had been legally and rightfully filed there.

▉▉▉ Having determined that the courts of this state have the inherent power to dismiss an action under the doctrine of forum non conveniens, we are then faced with the determination of the particular situations in which a court is justified in such dismissal. We are of the opinion that the power is a discretionary one and should only be exercised in exceptional circumstances and when an adequate showing has been made that the interests of justice require a trial in a more convenient forum. In Oklahoma we have no statutory criteria to guide the court in exercising this power, and we therefore adopt the view of the Supreme Court of the United States as expressed in the case of Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507–509, 67 S.Ct. 839, 843, 91 L.Ed. 1055, 1062, wherein the court said:

"Wisely, it has not been attempted to catalogue the circumstances which will justify or require either grant or denial of remedy. The doctrine leaves much to the discretion of the court to which plaintiff resorts, and experience has not shown a judicial tendency to renounce one's own jurisdiction so strong as to result in many abuses.

"If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

"Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is local interest in hav-

ing localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in laws foreign to itself."

With regard to the specific cases with which we are concerned here, it has already been noted that the plaintiffs therein do not controvert the facts alleged by petitioner as a basis for invoking the doctrine of forum non conveniens. Moreover, the only ground urged by them for trial in Creek County, Oklahoma, is their claim of an absolute right thereto, a right which, as we have seen, has been negated by the holding of the United States Supreme Court in the State of Missouri ex rel. Southern R. Co. v. Mayfield case, supra. Under such circumstances, we are of the opinion that the respondent court would have properly acted within its discretion in granting petitioner's motions to dismiss. However, as already noted, the matter is one within the discretion of the trial court. While we will review and correct an abuse of discretion on the part of the trial court on appeal, we are not willing to make an original determination of a matter that is within the discretion of the trial court. Here we are presented with a situation where the trial court has refused to exercise its discretion, apparently under the mistaken impression that it had no such authority.

In order to insure uniformity of decision among the inferior courts of record of Oklahoma, the respondent is hereby directed to set aside its orders overruling defendant's motions to dismiss in Case No. 4816, J. E. Murphey v. St. Louis-San Francisco Railway Co. and Case No. 4815, Adolphus L. Kirk v. St. Louis-San Francisco Railway Co. and to reconsider such motions to dismiss in the light of the views hereinabove expressed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, DAVISON, ARNOLD, BLACKBIRD, and O'NEAL, JJ., concur.