**HALLIBURTON COMPANY et al.,**
**Petitioners,**

v.

**The DISTRICT COURT OF CREEK COUN-**
**TY, DRUMRIGHT DIVISION, and Hon-**
**orable Charles S. Woodson, District Judge,**
**Respondents.**

**No. 47560.**

Supreme Court of Oklahoma.

July 16, 1974.

Alex Cheek and John D. Cheek, Loeffler & Allen, Tulsa, John B. Cooper, Duncan, and Cheek, Cheek & Cheek, Oklahoma City, for petitioners.

Burton J. Johnson of Watts, Looney, Nichols, Johnson & Hayes, Oklahoma City, for respondents.

SIMMS, Justice:

Petitioners, defendants in the trial court, seek mandamus requiring Respondent Judge to transfer Creek County District Court case number C–70–100, Scroggins v. Halliburton Company and R. B. Hamill, to the District Court of Oklahoma County under the doctrine of intrastate forum non conveniens. Petitioners seek to invoke the jurisdiction of this Court following the refusal by written order of Respondent Judge to transfer the cause.

Application to assume original jurisdiction granted. Writ of Mandamus Issued.

A factual statement of the circumstances resulting in this litigation and a historical review of past court proceeding may be found in Halliburton Company v. Scroggins, Executrix, Okl., 520 P.2d 667 (1974).

Within seven days after promulgation of the opinion by this Court in Halliburton v. Scroggins, *supra,* petitioners herein filed in the trial court their motion for change of venue alleging forum non conveniens and inability to obtain a fair trial in Creek County because certain vital medical expert witnesses were located in Oklahoma County and not subject to compulsory process to attend as witnesses in Creek County.

In denying the application for change of venue, Respondent Judge formally found that he may very well have sustained the motion except all requirements set forth in

Gulf Oil Co. et al. v. Woodson, Okl., 505 P.2d 484 had not been met, i. e., the application to change venue had not been filed by petitioner at the earliest stage in the proceedings. This finding was made, notwithstanding the fact that the case at bar was being reviewed by this Court on interlocutory certiorari at the time of promulgation of *Gulf, supra.*

The following facts are undisputed. The alleged accident resulting in the purported wrongful death occurred in Oklahoma County; Defendant-Petitioner Hamill resides in Oklahoma County; several witnesses to the alleged accident reside in Oklahoma County; and no witnesses or parties reside in Creek County; nor do any witnesses reside in any county contiguous to Creek County; deceased was treated by doctors in both Garvin and Oklahoma Counties; the medical experts who are able to give opinion evidence on the cause of death reside and practice in Oklahoma County; plaintiff-executrix resides in Garvin County; the litigation has no direct connection with Creek County; the sole fact which gives statutory venue to Creek County is the ownership of property by Halliburton in Creek County.

The facts of this case are strikingly analogous to those recited in *Gulf Oil, supra,* except Respondent herein argues Petitioner is not entitled to invoke forum non conveniens for the reason the motion was not made "at the earliest stage in the proceedings."

We find the following language in *Gulf Oil, supra:*

"12 O.S.1971, § 40, authorizes a change of venue in civil cases where a fair trial cannot be had in the county where the suit is pending but does not specify the procedure for changing venue. We have held, however, that *the question of the court's jurisdiction over a defendant must be presented at the earliest stage in the proceeding.* Ada-Konawa Bridge Co. v. Cargo, 163 Okl. 122, 21 P.2d 1."

The requirement in *Gulf* that a defendant must present the question of "jurisdiction" at the earliest stage in the proceedings is clarified by the following quotation from *Ada-Konawa Bridge Co., supra, page 5:*

"The first intimation the trial court ever had, as shown by the record, that the defendant was contending that the special appearance and motion to quash presented the question of venue, was when counsel for defendant requested aforesaid directed verdict. This was a transitory action; the court had jurisdiction of the subject-matter, and counsel for defendant had the right extended by statute to have this case tried in the proper county, but it was incumbent upon counsel to timely present this question. It was not presented in the motion to quash nor by the demurrer, nor in the answer filed by defendant. *It could have been properly presented at any time prior to the time of filing the answer or it could have been presented at the time the answer was filed.*" (emphasis added)

"Where defendant is served with a summons in a civil action pending in a county other than that of his residence, and denies the jurisdiction of the court over his person, he must present that question for determination at as early stage in the proceedings as is possible by proper motion, pleading, or answer, and if he proceeds to the trial of the case and does not in apt time present this single question until the conclusion of the evidence, we are of the opinion that such presentation of this jurisdictional question over his person is not timely, and that said defendant will be regarded as having waived this statutory right to privilege and to have submitted himself to the jurisdiction of the court. See, Wells v. Patton, 50 Kan. 732, 33 P. 15; Bates Pleading, Practice and Forms (4th Ed.) § 554a; First National Bank of Emporia v. Geneseo Town Co., 51 Kan. 215, 32 P. 902; Iles v. Heidenreich, 271 Ill. 485, 111 N.E. 524."

By reason of the foregoing language in *Ada-Konawa Bridge Co., supra;*

we hold that the language in *Gulf Oil Co., supra,* "must be presented at the earliest stage in the proceeding", means an application for change of venue under the doctrine of intrastate forum non conveniens must be filed in the case before the date fixed for the filing of answer, and called to the attention of the trial court without undue delay. The failure to attempt to invoke forum non conveniens before answer will constitute a waiver and a party will not thereafter be heard to complain of the trial court's failure to grant a change of venue under this doctrine.

■ In the instant case, plaintiff originally commenced a negligence action for personal injury in Oklahoma County in September, 1970. The personal injury action was subsequently dismissed without prejudice in Oklahoma County and refiled in Creek County. After the death of the injured person, the Creek County action was amended to one for wrongful death. Thereafter, defendant filed demurrers to the petition, motions to dismiss and motions for summary judgment, all of which were overruled. The cause was then certified to this Court on interlocutory certiorari and the proceeding in the trial court held in abeyance. Within seven days after this Court promulgated its opinion affirming the certified interlocutory order and remanding the cause, and before the answer was filed, defendants sought to change the venue. Under the circumstances of this case, we do not find that the application for change of venue to be untimely filed.

Our refusal to assume original jurisdiction and grant mandamus to change the venue under the doctrine of intrastate forum non conveniens in case number 46399, St. Louis-San Francisco Railway Co. et al. Petitioners v. District Court of Creek County, Okl., 512 P.2d 170 is not inconsistent with the holding herein for the reasons that in the St. Louis-San Francisco Railway Co. case, the application for change of venue came not only after answer had been filed, but after a verdict had been reached, and judgment entered thereon, appeal tak-

en, and the cause reversed and remanded for new trial.

For the foregoing reasons, we conclude the trial court abused its discretion in not sustaining the motion for change of venue. We therefore assume original jurisdiction; Grant the Petition for Writ of Mandamus, and Respondent is ordered to transfer the cause to Oklahoma County.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, HODGES, LAVENDER and DOOLIN, JJ., concur.

BARNES J., concurs by reason of stare decisis.