**GROENDYKE TRANSPORT, INC., and Truck Insurance Exchange, Petitioners,**

v.

**David M. COOK and Charles L. Owens, District Judges of the Seventh Judicial District of the State of Oklahoma, Respondents.**

**No. 53380.**

Supreme Court of Oklahoma.

May 1, 1979.

---

**370**

David W. Edmonds, Foliart, Mills & Niemeyer, Oklahoma City, for petitioners.

C. W. Schwoerke, Schwoerke & Schwoerke, Oklahoma City, for respondents.

HARGRAVE, Justice:

This application to Assume Original Jurisdiction and for issuance of a Writ of Mandamus arises from the filing of two cases in the District Court of Oklahoma County in 1978. Both actions arose from the collision of a motor vehicle driven by Mary Crowe, deceased, and occupied by Mary Neeley as a passenger, and a Groendyke truck driven by Charles Lee Kirby about three and one-half miles west of Tonkawa, Oklahoma, in Kay County. The plaintiff in one action, the adult daughter of the decedent, sought recovery for her personal injuries. The second suit was brought by the three minor children, their guardians and next friends, to recover for wrongful death of their mother.

The actions arise from a collision on a rural bridge apparently caused by the impact of the tractor-trailer unit with the bridge. That impact tore a set of dual axles from the rig and threw them onto decedent's automobile, killing her instantly and causing personal injuries to the adult daughter, Mary Neeley, of a serious enough nature to require treatment in Oklahoma City. The individual plaintiffs are residents of Kay County and their guardianships were established by the court of that county. The driver of the defendant's tractor-trailer is a resident of Kay County, as is the investigating officer, Larry Bennett. The driver of the truck is not a named party to the action. The truck was garaged in Ponca City (Kay County). An important consideration in the resolution of this action is the fact that Mary Neeley was sent to Oklahoma City for treatment because of the severity of her injuries immediately after she was given first-aid treatment. Thus, the treating doctors are residents of Oklahoma County.

The defendant requested the trial court in both cases to transfer these actions back to the situs of the tort, Kay County, prior to the time the actions were consolidated. Both actions were retained in Oklahoma County. The rulings on these two transfer motions were made by different Oklahoma County judges.

Groendyke Transport, Inc. is a domestic corporation and, as such, an action may be brought against it under 12 O.S.1971 § 134, either where the cause of action (or some part of it) arose or in the county where it may be summoned. That defendant also may be subject to an action brought *at the option of the plaintiff*, in any county where service may be obtained upon one or more defendants in the action or in any county where the damage was sustained, under 12 O.S.1971 § 141. Under either statute, in addition to 12 O.S.1971 § 135, the action may be brought against Groendyke in either Oklahoma County where its service agent resides or in Kay County where the cause of action arose. The last mentioned statute (§ 135) expressly provides the plaintiff may elect in which county he will bring the action. 12 O.S.1971 § 141 expressly provides, " . . . venue . . . , shall be, at the option of the plaintiff or plaintiffs, in either . . . " of the two localities above mentioned. In regard to the remaining defendant, Truck Insurance Exchange, a foreign insurance corporation, venue is established additionally by 12 O.S. Supp.1975 § 137, wherein it is provided " . . . if such defendant be a foreign insurance company the action may be brought in any county where such cause of action, or any part thereof, arose, or where the plaintiff resides or where such company has an agent."

■ The above mentioned venue statutes are cumulative as expressly provided by the legislature in 12 O.S.Supp.1975 § 143, wherein it is stated, "All venue statutes are cumulative wherever they appear and any action brought under any such statute may be maintained where brought. No court shall apply one venue statute in preference to another whether considered general or special." It is against this backdrop of express statutory authority establishing venue as proper under the facts behind this proceeding in multiple localities under different statutes that we addressed the question presented in this application to Assume Original Jurisdiction and for a Writ of Mandamus compelling the District Court of

Oklahoma County to transfer these two, now consolidated, actions to Kay County. Although statutory authority indicates venue is correct in Oklahoma County District Court, the doctrine of forum non-conveniens permits a court to resist imposition upon its jurisdiction even when jurisdiction is authorized by the statute. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1941); *Safeway Stores, Inc. v. Martin,* 530 P.2d 131 (Okl.1974).

This Court has previously stated that a defendant has no adequate remedy at law by which to obtain review of an Order denying a motion based upon the grounds of forum non-conveniens because such an Order does not constitute a final Order and is not appealable as a matter of right. The procedure for obtaining review as a certified interlocutory order, although available to the aggrieved party under 12 O.S.1971 § 952(b)(3) and Rule 1.50 Civil Appellate Procedure is not available unless the question is certified by the trial authority and is not as a matter of right available to the aggrieved party. The basis and purpose of the doctrine is avoidance of a forced trial in a location that is generally inconvenient and inappropriate. Patently, appeal after final judgment is an inadequate remedy in that the inconvenient trial sought to be avoided by the application of the doctrine of forum non-conveniens has already occurred when the appeal from the final judgment is lodged. *St. Louis-San Francisco Ry. Co. v. Superior Court of Creek County,* 290 P.2d 118 (Okl.1955). We therefore assume original jurisdiction for the purpose of reviewing the ruling of the trial court on the motion.

The discretionary nature of a trial judge's authority to act upon a motion based upon the doctrine of forum non-conveniens was established in this jurisdiction in *St. Louis-San Francisco Ry. Co. v. Superior Court of Creek County et al.,* 276 P.2d 773 (Okl.1954), wherein this Court stated:

"The rule of 'forum non conveniens' is an equitable one embracing the discretionary power of a court to decline to exercise the jurisdiction it has over a transitory cause of action when it believes that the action before it may be more appropriately and justly tried elsewhere. (citation omitted). More simply stated, it is the principle that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055."

In the *St. Louis-San Francisco Ry. Co. v. Superior Court* case last cited, this Court stated the power residing in the courts of this state delineated by the doctrine is discretionary and should only be exercised in exceptional circumstances and when an adequate showing has been made that the interests of justice *require* a trial in a more convenient forum. Then, quoting from *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 507–509, 67 S.Ct. 839, 843, 91 L.Ed. 1055, the Court noted (after discussing the interests to be weighed by the trial court in arriving at a decision on the motion):

"It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him the expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is *strongly* in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

Under what circumstances should the Supreme Court of this state intrude upon a trial court's exercise of discretionary power to resist imposition of jurisdiction upon itself? Generally, mandamus does not lie in this Court where the writ is requested to control or direct the exercise of a discretionary power, but will lie only in instances where the writ is requested to compel the lower tribunal simply to exercise its judgment in one way or another when it refuses to do so. *Mapco v. Means,* 538 P.2d 593 (Okl.1975), 12 O.S.1971 § 1451. Intervention upon the exercise of a discretionary power previously made is only warranted where the decision reached by such tribunal indicates the exercise of that power has been abused or a refusal to act is arbitrary

and erroneous. *St. Louis-San Francisco Ry. Co. v. Superior Court of Creek County, 290 P.2d 118 (Okl.1955); Board of Trustees of Firemen's Relief and Pension Fund of City of Holdenville v. Cotton, 208 Okl. 421, 256 P.2d 802 (1953); State ex rel. Reardon v. County Court of Marshall County, 183 Okl. 274, 81 P.2d 488 (1938).* In the specific instance of a request for a writ of mandamus sought to correct an exercise of discretion previously made on a dismissal motion on the ground of forum non-conveniens, this Court has stated that the writ will not issue unless the exercise of discretion made in the lower tribunal is so erroneous as to amount to an arbitrary abuse of discretion as in the *St. Louis-San Francisco Ry. Co. v. Superior Court of Creek County, 290 P.2d 118 (Okl.1955).*

 Our petitioner requests the writ issue here, arguing that the only connection these two cases have with Oklahoma County are medical experts and thereby asserts that the proceedings arrived on the docket of the Oklahoma County District Court as a result of forum shopping. The term "forum shopping" is an emotionally loaded appellation with connotations far more threatening than the concept it is used to describe, which is the selection of a trial forum from those made statutorily available by the legislature to a party instituting an action in a court of the state for enforcement of a legal right.

Petitioner contends *Safeway Stores, Inc. v. Martin, 530 P.2d 131 (Okl.1974)* is controlling here. Therein, this Court stated that the county of residence of medical experts is not determinative of the issue of transfer and that the employment of medical experts does not convert an otherwise inappropriate forum to a convenient one. The instant factual situation materially distinguishes this action from the statement made in *Safeway Stores, supra.* Safeway stated that " . . . testimony of medical experts who examined the plaintiff at the suggestion of plaintiff's attorneys is not a determinative issue . . . " The medical experts residing in Oklahoma County in the proceeding involved here are not examining physicians but were treating physicians. Immediately after first-aid was administered to the plaintiff, Neeley, she was removed to Oklahoma County for primary medical treatment because of the severity of her injuries. Compulsory process to provide the benefit of their unique knowledge of the plaintiff's injuries is invaluable and unique and is clearly distinguishable from the instance where the doctor involved is simply an examining physician. See *Gulf Oil v. Woodson, 505 P.2d 484*, where Jackson, J. stated for the Court at page 488, that availability of medical witnesses was an important consideration.

In discussing application of the doctrine of forum non-conveniens, we stated in *Safeway Stores, Inc. v. Martin, supra*, that the rights of a defendant to be tried in the county where he resides is a remedial provision of our statutes and exceptions to this doctrine are to be strictly construed. This consideration has weighed heavily on the Court's application of the doctrine. See *Harwood v. Woodson, 565 P.2d 1 (Okl.1977); Gulf Oil v. Woodson, 505 P.2d 484 (Okl. 1972).* In the instant proceeding the driver of the alleged negligent truck is not a party to the action and the corporate defendant is a resident of neither the present nor the prospective forum county; thus, this basic concept does not militate against the conclusion of the lower courts here.

In the instant proceeding, there exist legitimate witnesses from both the county of the present and prospective forum and the issue of trial in the county of residence of an individual defendant is not involved. We have held the writ to lie to compel intra-state change of venue in *Halliburton Co. v. Dist. Ct. of Creek County, 525 P.2d 628 (Okl.1974)* where the situs of the tort was not in the county nor was the residence of either the individual defendant or witnesses. In *Harwood v. Woodson, supra,* mandamus was granted to compel a transfer where the cause of action arose and the residence of the defendant was in the same county, that being the transferee county.

Here we have only a corporate defendant whose principal office or place of business (as referred to in 12 O.S.1971 § 134) as

indicated by the briefs, is not the county petitioner is attempting to transfer this proceeding to. The briefs indicate the principal office may be Oklahoma County. Thus, consideration of the residence of the defendant does not support the transfer sought here of these two consolidated actions. In *Harwood v. Woodson, supra,* the review of a trial court's ruling on a motion to transfer under the doctrine was described as encompassing the three principal considerations of: (1) Compulsory process of medical witnesses, (2) The right of the defendant to be sued in the place of his residence, and (3) The situs of the accrual of the transitory cause of action. In the instant proceeding the first, compulsory process for attendance of medical witnesses points to the correctness of the ruling of the Trial Court. The second consideration, which is the policy favoring suits against a defendant in the county of his residence is not involved here because neither the prospective transferor nor the transferee county is his residence. The third consideration points to the correctness of a transfer to the place where the cause arose. Thus, it is apparent that these three considerations balance under the facts at hand and do not clearly point to an abuse of discretion committed by the trial court in its ruling.

Given the facts here reviewed and noting particularly the presence in Oklahoma County of the treating physicians and the absence of a request for transfer to the defendant's resident county, we do not believe that such evidence clearly or decisively points to a result contra to that reached by the lower courts in the two actions prior to consolidation. In reviewing lower courts' actions in motions for intra-state forum non-conveniens transfers, we have previously held that the necessary showing for a writ of mandamus must point decisively to a showing of abuse of the discretionary power of the lower court. *St. Louis-San Francisco Ry. Co. v. Sup. Ct., Creek Cty., 290 P.2d 118 (Okl.1955).*

ORIGINAL JURISDICTION ASSUMED. WRIT OF MANDAMUS DENIED.

All Justices concur except SIMMS, J., concurs in result.