■ NAOMI M. McLEOD, Appellant, v ALLTHA A. LOVELACE, Respondent.—Order unanimously modified, in the exercise of discretion, and, as modified, affirmed, without costs, in accordance with the following memorandum: Based on the facts and circumstances of this case we conclude that Special Term, in the exercise of sound discretion, properly dismissed this personal injury action on the ground of forum non conveniens. The one-car, unwitnessed accident occurred in New York State, but that is the only important factor connected to this forum. The parties and the occupants of the car, the only witnesses to the accident, reside in the Province of Ontario, Canada, where the car was registered and the trip began and was scheduled to end. Plaintiff was treated in the emergency room at Mercy Hospital in Watertown but was discharged after a few hours. Thereafter she was treated for her injuries

in Canada where she was also examined in behalf of defendant. The courts in the Province of Ontario are available as a forum to determine the issues between the parties. Although the accident was investigated by the New York State Police, and hospital personnel observed plaintiff's condition, the testimony of New York witnesses does not appear crucial to plaintiff's claim and, in any event, procedural devices are available in Ontario to obtain their testimony, if needed. The fact that the accident occurred in New York State "does not constitute a substantial nexus so as to mandate the retention of jurisdiction" *(Martin v Mieth,* 35 NY2d 414, 418). After considering the relevant factors *(see, H & J Blits v Blits,* 65 NY2d 1014, 1015; *Islamic Republic of Iran v Pahlavi,* 62 NY2d 474, 478-479, *cert denied* 469 US 1108; *Belachew v Michael,* 59 NY2d 1004, 1007), it is evident that New York is an inconvenient forum and another forum is available which will best serve the ends of justice and the convenience of the parties *(see, Silver v Great Am. Ins. Co.,* 29 NY2d 356, 361). To assure the availability of such forum the dismissal is affirmed on condition that defendant stipulates to accept service of process in Canada, to appear in an action commenced there for the same relief demanded in the complaint here and to waive any defense of the Statute of Limitations therein. If defendant fails to so stipulate within 30 days after service of the order entered herein with notice of entry, the order is reversed, with costs to plaintiff *(see, Martin v Mieth,* 35 NY2d 414, 418, *supra; Wienke v Wienke,* 96 AD2d 1136; *see also,* Siegel, NY Prac § 28, at 28). (Appeal from order of Supreme Court, Jefferson County, Aloi, J.—forum non conveniens.) Present—Dillon, P. J., Callahan, Denman, Pine and Schnepp, JJ.