NEMATOLAH MOEZINIA, Appellant, v AZZIZOLAN MOEZINIA, Respondent.

This action between Iranian nationals involves the sale of real property located in Iran with payment made in Iranian currency drawn on an Iranian bank. The sale was made pursuant to an alleged oral contract entered into in Iran in 1978; no writing existed evidencing the agreement. At the time this action was commenced on or about December 6, 1984, the plaintiff was a resident of the State of California and the defendant was a resident of Nassau County.

It is well settled that New York courts "need not entertain causes of action lacking a substantial nexus with New York" *(Martin v Mieth,* 35 NY2d 414, 418). The common-law doctrine of forum non conveniens, as codified in CPLR 327, permits a

court to dismiss actions which do not have any connection with the State of New York, even though such actions have a proper jurisdictional basis *(see, Islamic Republic v Pahlavi,* 62 NY2d 474).

In the instant action, all of the events complained of by the plaintiff took place in Iran, the real property in question is located in Iran, the purported oral agreement was entered into in Iran, the checks were drawn on an Iranian bank in Iranian currency, and all the applicable bank records and documents are located in Iran with questionable accessibility. Moreover, a key and necessary witness resides in France, and the plaintiff is a California resident. Also, significantly, the plaintiff asks the court to take judicial notice of applicable Iranian law. The only connection this action has to New York is the defendant's residence in Nassau County.

The fact that a party to the action resides in New York State is not controlling in the court's determintion of whether or not to assume jurisdiction *(see, Banco Ambrosiano v Artoc Bank & Trust,* 62 NY2d 65; *Irrigation & Ind. Dev. Corp. v Indag S. A.,* 37 NY2d 522), nor is the fact that an alternate forum may not be available. In *Islamic Republic v Pahlavi (supra,* p 481), the rule is set forth as follows: "Without doubt, the availability of another suitable forum is a most important factor to be considered in ruling on a motion to dismiss but we have never held that it was a prerequisite for applying the *conveniens* doctrine and in *Varkonyi [Varkonyi S.A. Empresa De Viacoa Airea Rio Grandense [Varig],* 22 NY2d 333] we expressly described the availability of an alternative forum as a 'pertinent factor', not as a precondition to dismissal (at p 338). Nor should proof of the availability of another forum be required in all cases before dismissal is permitted. That would place an undue burden on New York courts forcing them to accept foreign-based actions unrelated to this State merely because a more appropriate forum is unwilling or unable to accept jurisdiction * * * Moreover, even if we were to hold that the motion should be denied if no alternative forum is available, then the burden of demonstrating that fact should fall on plaintiff". Under the totality of the circumstances of this case, a balancing of the equities does not favor the instant action being heard in New York courts *(cf. Broukhim v Hay,* 122 AD2d 9).

Having rendered this determination, we need not address the other contentions raised by the plaintiff on this appeal. Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.