■ SALLY MANASTER, Appellant, v NORTHSTAR TOURS INCORPORATED et al., Respondents. [598 NYS2d 7] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vinik, J.), dated January 2, 1991, which granted the defendants' motion to dismiss the complaint on the grounds of forum non conveniens.

Ordered that the order is affirmed, with costs.

On February 10, 1988, the plaintiff Sally Manaster, a Canadian resident, purchased a bus ticket in New York City for a trip back to her home in Quebec, Canada. The bus was owned by the defendant Northstar Tours, Inc., and leased by the defendant Heimanns Bus Tours, Inc., sued herein as Hyman Bus Co. The principal place of business for both of these defendants is New York. The bus was driven by the defendant Neubra Smith, who resides in New York. Shortly after the bus crossed the Canadian border, the driver allegedly lost control, the bus struck a ramp, and the plaintiff was injured. Quebec highway police responded to the accident and filed a police report. As a result of her injuries, the plaintiff was hospitalized in Quebec from February 10, 1988, to May 31, 1988. Over the next five months, the plaintiff was also alternately confined to hospitals in Quebec for various time periods.

In 1989 the plaintiff commenced this action against the defendants in Kings County, New York. Thereafter, the defendants moved to dismiss the complaint on the grounds of forum non conveniens. The court granted the motion to dismiss on condition that the defendants consent to Canadian jurisdiction and agree not to challenge the plaintiff's capacity to sue. We now affirm.

"It is well established that the New York courts 'need not

entertain causes of action lacking a substantial nexus with New York' " *(Rappaport v Robert Travel Bur.,* 129 AD2d 620, 621, quoting *Martin v Meith,* 35 NY2d 414, 418). Under the circumstances of this case we find that, contrary to the plaintiff's argument on appeal, the sole fact of the defendants' New York residence does not establish a nexus sufficient to merit the retention of jurisdiction in this State. Specifically, in view of the fact that the plaintiff is a resident of Quebec, that the accident occurred in Quebec, that documentary evidence and potential witnesses are located in Quebec, and that all medical treatment was rendered in Quebec, the contacts with New York are, at best, marginal, notwithstanding the fact of defendants' residence in this State *(see, Blais v Deyo,* 92 AD2d 998; *Moezinia v Moezinia,* 124 AD2d 571).

The plaintiff also argues that she is prohibited from bringing an action in Quebec to recover damages for personal injuries arising out of an automobile accident, and thus that there is no alternative forum for her to pursue this matter. Under the Quebec Automobile Insurance Act, any individual who sustains bodily injury caused by an automobile shall be compensated in accordance with that Province's mandatory system of insurance reparations. "The indemnities provided for in this title are in the place and stead of all * * * rights of action of any one by reason of bodily injury caused by an automobile and no action in that respect shall be admitted before any court of justice" (Quebec Rev Stats ch A-25; Automobile Insurance Act, Title II, ch I, § 4). Thus, while it may be true that, unlike an action in New York, the plaintiff will be unable to recover unlimited damages in Quebec, she will not be prohibited from obtaining any recovery. Instead, the plaintiff will be in the exact same position as any other resident of Quebec who suffers personal injury as a result of an automobile accident, no better or no worse than any of her fellow Quebecois. Moreover, the availability of another suitable forum is not a prerequisite for applying the conveniens doctrine, nor a precondition to dismissal *(see, Islamic Republic of Iran v Pahlavi,* 62 NY2d 474; *Moezinia v Moezinia,* 124 AD2d 571, *supra).*

We also note that, given the substantial nexus which this case has to Quebec, it would appear that the obvious choice of law in any action brought as a result of this accident would be that of Quebec Province. "Quebec has a more substantial interest than New York in the compensation of plaintiffs, residents of Quebec, when the accident occur[s] in Quebec" *(Blais v Deyo, supra,* at 1000). Thus, if the plaintiff were to be

permitted to maintain her action in New York, choice of law would then operate to dismiss the action since such an action is barred under Quebec law. Accordingly, the question of whether or not there is an alternative forum for the plaintiff to pursue her remedy is, under the circumstances of this case, rendered academic, and the availability of an alternate forum is not a controlling factor in the determination of whether or not to grant dismissal on the grounds of forum non conveniens. For all of these reasons, the Supreme Court properly dismissed the plaintiff's action herein.

We have considered the plaintiff's remaining contentions and find them to be without merit. Sullivan, J. P., Lawrence, Copertino and Santucci, JJ., concur.