2006 OK 17

David F. BINDER; Edward A. Dauer; Roger W. Haines Jr.; Ann M. Haralambie; Michael B. Mushlin; Sheldon H. Nahmod; James T. O'Reilly; Daniel W. Shuman; Frank F. Skillern; Harold Weinstock; Weinstock, Manion, Reisman, Shore & Neumann; and Robert P. Wilkins, Plaintiffs/Appellants,

v.

SHEPARD'S INC., Defendant,

and

The McGraw–Hill Companies, Inc., Defendant/Appellee.

No. 97822.

Supreme Court of Oklahoma.

March 14, 2006.

As Corrected March 21, 2006.

277

Don G. Holladay and Heidi J. Long, Holladay, Chilton & degiusti, P.L.L.C., Oklahoma City, OK, and Jon R. Pearce, Johnston & Nathanson, P.L.C., Iowa City, IA, pro hac vice for Plaintiffs/Appellants.

Sidney G. Dunagan, Myra P. Kaufman, and Joseph T. Thai, Gable & Gotwals, Oklahoma City, OK, for Defendant Shepard's Inc., and Defendant/Appellee The McGraw–Hill Companies, Inc.

Charles W. Adams, University of Tulsa College of Law, Tulsa, Oklahoma, amicus curiae.

PER CURIAM. ·

¶ 1 Plaintiffs, David F. Binder, Edward A. Dauer, Roger W. Haines Jr., Ann M. Haralambie, Michael B. Mushlin, Sheldon H. Nahmod, James T. O'Reilly, Daniel W. Shuman, Frank F. Skillern, Harold Weinstock, and Robert P. Wilkins, are authors of law-related books and computer software.[1] They each entered publishing contracts with Shepard's Inc., a subsidiary of The McGraw–Hill Companies, Inc. Shepard's subsequently sold most of the assets of its topical publishing unit, including Plaintiffs' works and related contracts, to Thomson Legal Publishing, Inc.[2]

¶ 2 Plaintiffs filed this lawsuit against Shepard's and McGraw–Hill, alleging that Shepard's breached the contracts by failing to pay one-time royalties on the sale and that McGraw–Hill is liable for the unpaid royalties as the guarantor of Shepard's pre-sale liabilities. McGraw–Hill moved to dismiss on the grounds of forum non conveniens because (1) all of the events occurred outside of Oklahoma; (2) the only Oklahoma connection to any of the parties was that McGraw–Hill was registered as a foreign corporation; (3) there were no witnesses or evidence in Oklahoma; and (4) other forums were more convenient and had a greater relationship to the conflict. Plaintiffs admitted these assertions but argued that the statute of limitations had already run in the alternate forums suggested by McGraw–Hill. The district court granted McGraw–Hill's motion to dismiss.

¶ 3 Plaintiffs appealed and argued that the district court erred in granting the motion without requiring McGraw–Hill's agreement to waive any limitations defense it may have in the alternate forum of Plaintiffs' choice.

1. Plaintiff Harold Weinstock assigned his contractual rights to Plaintiff Weinstock, Manion, Reisman, Shore & Neumann.

2. Shepard's Inc. was named Shepard's/McGraw–Hill, Inc., when it entered the contracts with Plaintiffs.

The Court of Civil Appeals agreed with the district court that Oklahoma is an inconvenient forum, but reversed and remanded with instructions to dismiss the action only on the condition that McGraw–Hill accept service and waive the statute of limitations in the alternate forum.[3] We granted McGraw–Hill's petition for certiorari to clarify and expand the fundamentally sound reasoning of the Court of Civil Appeals. We, therefore, vacate the opinion of the Court of Civil Appeals, reverse the order of the district court, and remand for further proceedings consistent with this opinion.

## STANDARD OF REVIEW

¶ 4 We review a district court's decision on a motion to dismiss based on the doctrine of forum non conveniens for abuse of discretion. *Conoco Inc. v. Agrico Chem. Co.*, 2004 OK 83, ¶ *14*, 115 P.3d 829, 834.[4]

## DISCUSSION

¶ 5 Plaintiffs successfully argued on appeal that the district court abused its discretion by dismissing their claims against McGraw–Hill without requiring it to demonstrate that another forum was actually available. Specifically, Plaintiffs argued that McGraw–Hill did not suggest any alternate forums until the hearing on its motion to dismiss and that their claims would be barred by the statute of limitations in most or all of the suggested alternate jurisdictions. In its petition for certiorari, McGraw–Hill has not disputed Plaintiffs' assertions, but has argued that the doctrine of forum non conveniens does not require it to waive defenses in other jurisdictions in exchange for the privilege of litigat-

ing the matter in a convenient forum. We cannot agree.

¶ 6 The balance in the doctrine of forum non conveniens is not tilted toward a defendant's right to a convenient forum, but toward a plaintiff's right to have its claims heard in the forum of its choice. Only when " 'the chosen forum would "establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiff's convenience," or when the "chosen forum [is] inappropriate because of considerations affecting .the court's own administrative and legal problems," ' " may the court exercise its discretion to dismiss the case. *Am. Dredging Co. v. Miller*, 510 U.S. 443, 447–448, 114 S.Ct. 981, 985, 127 L.Ed.2d 285 (1994) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102 S.Ct. 252, 258, 70 L.Ed.2d 419 (1981) (quoting *Koster v.(Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524, 67 S.Ct. 828, 831, 91 L.Ed. 1067 (1947))). While a plaintiff may not use its choice of forum to "vex or harass a defendant," we disturb its choice only in "exceptional cases." *Conoco*, 2004 OK 83, ¶ 10, 115 P.3d at 833; *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

¶ 7 The overwhelming majority of courts have concluded that the doctrine of forum non conveniens "presupposes at least two forums in which the defendant is amenable to process." *Gulf Oil*, 330 U.S. at 507, 67 S.Ct. at 842; Martin J. McMahon, Annotation, *Forum Non Conveniens Doctrine in State Court as Affected by Availability of Alternative Forum*, 57 A.L.R.4th 973. "Amenable" does not mean merely that the defendant can be successfully served, but that the defendant is "[l]egally answerable; liable to being

---

**3.** The conditions were: (1) McGraw–Hill must accept service of process and submit to the jurisdiction of the alternate forum; (2) McGraw–Hill must waive any statute of limitations defense in the alternate forum; and (3) the alternate forum must accept McGraw–Hill's waiver. The Court of Civil Appeals further ordered the district court to vacate the dismissal and proceed with the case if the conditions failed.

**4.** This matter is ripe for appellate review because the Court of Civil Appeals had Plaintiffs obtain an order nunc pro tunc certifying it for immediate review pursuant to *12 O.S.2001 994* (A), a

process we have approved. *Groendyke Transp., Inc. v. Cook*, 1979 OK 59, ¶ 6, 594 P.2d 369, 372; *F.D.I.C. v. Jernigan*, 1995 OK 54, ¶ 7 & n. 7, 901 P.2d 793, 795–96 (Opala, J. writing for the Court). Moreover, we have been willing to assume original jurisdiction on a petition for writ of mandamus to allow immediate review on this question if necessary. *Groendyke, 1979 OK 59*, ¶ 6, 594 P.2d at 372. Although *Groendyke* reviewed a district court's *refusal* to dismiss, the situation here raises the same policy issues because the dismissal was arguably not a final judgment. *Id.*

brought to judgment." *Black's Law Dictionary* 80 (7th ed.1999). This Court has required a viable alternate forum from its earliest adoption of the doctrine even when the issue was not specifically raised by the parties. *See St. Louis–S.F. Ry. v. Super. Ct.,* 1954 OK 223, 276 P.2d 773; *see also Pruitt Tool & Supply Co. v. Windham,* 1963 OK 56, 379 P.2d 849; *Atchison, Topeka & Santa Fe Ry. v. Dist. Ct.,* 1956 OK 120, 298 P.2d 427; *Lovett v. Wal–Mart Stores, Inc.,* 2001 OK CIV APP 9, 18 P.3d 387. We most recently restated this requirement in *Conoco Inc. v. Agrico Chemical Co.,* 2004 OK 83, ¶ 11, 115 P.3d 829, 833.

¶ 8 We decline the invitation to adopt New York's rule that the existence of an alternate forum is not a prerequisite to the application of forum non conveniens. *Republic of Iran v. Pahlavi,* 62 N.Y.2d 474, 478 N.Y.S.2d 597, 467 N.E.2d 245, 249 (1984). *Pahlavi,* an effort by the revolutionary regime in Iran to impress a constructive trust on the former Shah's worldwide assets, presented a unique situation. *Id.* at 246–47. The New York court concentrated on the "substantial financial and administrative burden" the case would impose on the court system. It also considered that the parties had no relationship to New York except the defendant's presence for medical treatment; none of the assets were located in New York so that a constructive trust would have doubtful efficacy; and the defendant had no realistic defense available in New York because the witnesses and evidence were located in Iran under the plaintiff's control. *Id.* at 248–250. Ultimately, the court concluded that the lack

of an alternate forum should not prevent dismissal because the lack was attributable to the plaintiff's actions [5] and the chosen forum could not afford the relief sought.[6] *Id.* at 250.

■ ¶ 9 New York courts continue to cite *Pahlavi,* but McGraw–Hill cites only one additional case-also arising out of the political situation in Iran-where the court dismissed despite the lack of an alternate forum because it could not afford the relief requested.[7] *Moezinia v. Moezinia,* 124 A.D.2d 571, 507 N.Y.S.2d 716 (N.Y.App.Div.1986). Other cases citing *Pahlavi* have either not considered the issue or declared that an alternate forum was actually available. *Shin–Etsu Chem. Co. v. 3033 ICICI Bank Ltd.,* 9 A.D.3d 171, 777 N.Y.S.2d 69 (N.Y.App.Div.2004); *Stamm v. Deloitte & Touche,* 202 A.D.2d 413, 608 N.Y.S.2d 498 (N.Y.App.Div.1994); *McLeod v. Lovelace,* 117 A.D.2d 989, 499 N.Y.S.2d 290 (N.Y.App.Div.1986); *Globalvest Mgmt. Co. v. Citibank, N.A.,* 801 N.Y.S.2d 234 (N.Y.Sup.Ct.2005). Moreover, *Pahlavi* has never been adopted outside of New York and, in practical terms, has been limited to its facts. *See Shewbrooks v. A.C. & S., Inc.,* 529 So.2d 557 (Miss.1988), *superseded by statute on other grounds as stated in S. Pac. Transp. Co. v. Fox,* 609 So.2d 357 (Miss. 1992). While future international developments might require us to reconsider the *Pahlavi* rule in similar extreme conditions, it will not serve the purposes of justice in this rather more ordinary situation. We hold, therefore, that the existence of a viable alter-

---

5. The court observed:
   If the action cannot be maintained in Iran, however, under laws which result in judgments cognizable in the United States or other foreign jurisdictions where the Shah's assets may be found, then that failure must be charged to plaintiff. It is, after all, the government in power, not a hapless national victimized by its country's policies. Any infirmity in plaintiff's legal system should weigh against its claim of venue, not impose disadvantage on defendant or the judicial system of this State.
   *Republic of Iran v. Pahlavi,* 62 N.Y.2d 474, 478 N.Y.S.2d 597, 467 N.E.2d 245, 250 (1984).

6. Again, the court observed:
   Despite the fact that plaintiff's complaint requests monetary relief, it really seeks a sweeping

review of the political and financial management of the Iranian government during the several years of the late Shah's reign with the object of accounting for and repossessing the nation's claimed lost wealth wherever it may be located throughout the world. For the reasons stated, that relief cannot properly be afforded by a New York forum....
*Id.*

7. Our research has revealed only one other case upholding a dismissal for forum non conveniens where an alternate forum might not have been available. *Cole v. Lee,* 435 S.W.2d 283 (Tex.Civ. App.1968). Again, however, the court could not grant the relief requested because it had jurisdiction over only one of the plaintiff's four interwoven claims. *Id.*

nate forum is a prerequisite to the application of the doctrine of forum non conveniens.

¶ 10 Further, the defendant bears the burden of establishing the existence of a viable alternate forum. *Conoco*, 2004 OK 83, ¶¶ 13, 15, 115 P.3d at 834. This "onerous" but not "insuperable" burden of convincing the court that it would be unjust to continue litigation in Oklahoma rightly falls on the defendant seeking to avoid it. *Mills v. Aetna Fire Underwriters Ins. Co.*, 511 A.2d 8, 10 (D.C.1986).[8] It furthers our policy that forum non conveniens should be applied only "when an adequate showing has been made that the interests of justice require a trial in a more convenient forum." *Groendyke Transp., Inc. v. Cook*, 1979 OK 59, ¶ 7, 594 P.2d 369, 372.

¶ 11 In weighing a motion to dismiss based on forum non conveniens, the district court must consider the private interests of whether the plaintiff's chosen forum is convenient for witnesses and whether unwilling witnesses can be reached by compulsory process, whether it is otherwise near the sources of proof, and what will serve to make litigation "less burdensome and more convenient." *Conoco*, 2004 OK 83, ¶ 11, 115 P.3d at 833. Public interests "include the burden of jury duty on the community and the community interest in having local controversies decided at home." *Id.* The district court here properly weighed these criteria, but failed to ensure the existence of a viable alternate forum.

¶ 12 Courts unquestionably have the discretionary power to place conditions on a dismissal for forum non conveniens. The doctrine grew out of courts' discretionary power to refuse to exercise their jurisdiction and the focus of analysis must be on the requirements of justice. *Id.* at ¶¶ 13 & 15, 115 P.3d at 834; *Groendyke*, 1979 OK 59, ¶¶ 7–8, 594 P.2d at 372–73. The power to impose conditions on the dismissal permits a court to fashion the appropriate remedy based on the particular facts presented. *See Mills*, 511 A.2d at 14–15; *Besse v. Mo. Pac.*

8. We decline to adopt the rule of some jurisdictions that this burden shifts if neither the plaintiff nor the defendant is a resident of the chosen forum. *See, e.g., Mills v. Aetna Fire Underwriters*

*R.R.*, 721 S.W.2d 740, 743 n. 3 (Mo.1986); *McLeod*, 499 N.Y.S.2d at 290; *see also* 12 O.S.2001 1701.05.

¶ 13 On remand, the district court shall, at a minimum and as the Court of Civil Appeals directed, impose the following conditions on any subsequent dismissal of McGraw–Hill for reasons of forum non conveniens:

(1) McGraw–Hill shall stipulate that it will accept service of process and submit to personal jurisdiction in Plaintiffs' chosen alternate forum;

(2) McGraw–Hill shall further stipulate that it will waive any statute of limitations defense in Plaintiffs' chosen alternate forum; and

(3) Plaintiffs' chosen alternate forum must accept McGraw–Hill's waiver.

If these conditions are not met, the district court should vacate the dismissal and proceed with the case.

## CONCLUSION

¶ 14 While the district court correctly applied the appropriate criteria in weighing whether McGraw–Hill should be dismissed from Plaintiffs' lawsuit based on the doctrine of forum non conveniens, it abused its discretion in failing to ensure that an alternate forum was actually available to Plaintiffs. On remand, the district court shall either deny McGraw–Hill's motion to dismiss or condition its dismissal to guarantee that an alternate forum is available.

**THE COURT OF CIVIL APPEALS' OPINION IS VACATED, THE DISTRICT COURT'S ORDER IS REVERSED, AND THE MATTER IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

WATT, C.J., LAVENDER, HARGRAVE, KAUGER, EDMONDSON, and COLBERT, JJ., concur.

WINCHESTER, V.C.J., OPALA, and TAYLOR, JJ, concur in result.

*Ins. Co.*, 511 A.2d 8, 11 (D.C.1986). Even in such jurisdictions, the lack of an available alternate forum will override any other consideration. *Id.* at 13.

OPALA, J., with whom WATT, C.J., joins in part and WINCHESTER, V.C.J. and TAYLOR, J., join in full, concurring in result.

¶1 Although I am persuaded that today's pronouncement represents a correct resolution for placing conditions on a dismissal for forum non conveniens, I cannot give it my unqualified assent. I would not have reached the conditions of that dismissal until the trial court decided Shepard's' motion to dismiss for lack of personal jurisdiction. In multiple-defendant litigation, the inconvenient forum analysis should be applied to all defendants in order to prevent duplicative, redundant litigation in multiple jurisdictions. Even if defendants' severance is permissible, leaving one defendant in this jurisdiction while authorizing suit against the other in another is not a particularly prudent use of judicial resources.

¶2 Without fully joining in today's pronouncement, I nevertheless concur in the court's holding that a lawsuit should not be dismissed on forum non conveniens grounds unless an alternative forum is actually available. I agree that it may be necessary to impose conditions such as a defendant's waiver of a statute-of-limitations defense in the alternative forum in order to assure the alternative forum's availability.