2008 OK CIV APP 40

**Mary Lou FRAMEL, Plaintiff/Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant/Appellee.**

**No. 104,949.**

Court of Civil Appeals of Oklahoma, Division No. 1.

March 21, 2008.

David L. Thomas, Thomas & Terrell, Oklahoma City, OK, for Plaintiff/Appellant.

Joseph T. Acquaviva, Jr., Frances J. Armstrong, Wilson, Cain & Acquaviva, Oklahoma City, OK, for Defendant/Appellee.

LARRY E. JOPLIN, Judge.

¶ 1 Plaintiff/Appellant Mary Lou Framel (Framel/Appellant) sued Defendant/Appellee State Farm Mutual Automobile Insurance Company (State Farm/Appellee) for breach of contract, alleging it wrongfully failed to fulfill its obligations to her pursuant to an uninsured/underinsured automobile policy.

Framel was a passenger in a car which was involved in an accident in the State of Virginia June 24, 2004. She claimed the driver had a policy in effect with State Farm and that Appellant was a covered person pursuant to that policy. Framel was a resident of the State of Kansas. She filed her petition in Oklahoma February 13, 2007. State Farm filed a Motion to Dismiss on the ground of interstate *forum non conveniens*. The trial court granted the motion. We reverse.

¶ 2 "Application of the doctrine of interstate *forum non conveniens* lies within the sound discretion of the district court. [Citation omitted.] However, this Court will correct an abuse of discretion by the district court in ruling on an interstate *forum non conveniens* motion. [Citation omitted.] We will reverse for abuse of discretion if the district court reached a conclusion that is clearly against the evidence and reason." [Citation omitted.] *Conoco, Inc. v. Agrico Chemical Company*, 2004 OK 83, ¶ 14, 115 P.3d 829, 834.

¶ 3 Appellant contends that the trial court erred in dismissing her action under the doctrine of *forum non conveniens* without imposing conditions pursuant to *Binder v. Shepard's Inc.*, 2006 OK 17, 133 P.3d 276. We agree that dismissing on that ground without imposing minimal conditions on the Defendant/Appellee was an abuse of discretion.

¶ 4 In the present case, the issue of the running of the statute of limitations in various jurisdictions is important to Plaintiff/Appellant. She claims that it has in fact run in Virginia, the State which State Farm argues is best suited for the filing of the matter. State Farm counters that it is amenable to service of process in several jurisdictions in which the statute of limitations has not run. State Farm also asserts that *Binder's* conditions were only required because, in that case, the Defendant had not shown that an alternative forum was available.[1] We disagree with that reading of *Binder* and find that *Binder* controls the instant matter.

¶ 5 In *Binder v. Shepard's Inc.*, 2006 OK 17, 133 P.3d 276, Plaintiffs alleged that Shep-ard's and McGraw–Hill breached their contracts. McGraw–Hill filed a Motion to Dismiss on the ground of *forum non conveniens* because all of the events took place outside of Oklahoma; the only connection with Oklahoma was that McGraw–Hill was a registered foreign corporation in Oklahoma; there were no witnesses in Oklahoma; and other forums were more convenient and had a greater relationship to the conflict. Plaintiff admitted these allegations, but related that the statute of limitations had already run in the other forums. The trial court granted the Motion to Dismiss on the ground of *forum non conveniens* without requiring McGraw–Hill to waive any limitations defenses. The Oklahoma Supreme Court reversed, stating the penumbral principle that "[t]he balance in the doctrine of forum non conveniens is not tilted toward a defendant's right to a convenient forum, but toward a plaintiff's right to have its claims heard in the forum of its choice." *Id.* at ¶ 6, 133 P.3d p. 278. Consequently, it directed the trial court, on remand, to impose minimal conditions suitable to the case: (1) stipulation by Defendant that it would accept service of process and submit to personal jurisdiction in Plaintiff's chosen alternate forum; (2) stipulation by Defendant that it would waive any statute of limitations defense in Plaintiff's chosen alternate forum; and (3) Plaintiff's chosen alternate forum must accept Defendant's waiver. Finally, the Court stated that if the conditions were not met, the Dismissal should be vacated, and the matter allowed to proceed.

¶ 6 Defendant's argument that *Binder's* conditions were not applicable because it provided alternate forums does not meet the law's requirements that Plaintiff have the right to have her claim heard in the forum of her choice. Because Appellant had a legitimate right to file in Oklahoma, then it is a proper condition to require Appellee to waive its statute of limitations defense, require it to accept service of process, and waive objection to personal jurisdiction. Other conditions may be imposed as well, as they were in *Binder*.

1. State Farm's Response to Motion to Reconsider, p. 2.

¶ 7 REVERSED AND REMANDED with directions to proceed in a manner consistent with this opinion.

ADAMS, P.J., and HANSEN, J., concur.