2010 OK CIV APP 60

**Ken SHEPHERD, Plaintiff/Appellant,**

v.

**KAWASAKI USA, Defendant/Appellee.**

**No. 107,824.**

Court of Civil Appeals of Oklahoma, Division No. 2.

May 10, 2010.

Gerald J. Lovoi, Tulsa, OK, for Plaintiff/Appellant.

Stacey S. Chubbuck, Gary M. Chubbuck, Fenton Fenton Smith Reneau & Moon, Oklahoma City, OK, for Defendant/Appellee.

DEBORAH B. BARNES, Judge.

¶1 Ken Shepherd (Shepherd) appeals[1] from the trial court's judgment, filed on January 8, 2010,[2] dismissing his lawsuit against

---

1. This accelerated appeal proceeds pursuant to Rule 1.36, Okla. Sup.Ct. Rules, 12 O.S. Supp. 2004, ch. 15, app. 1. Kawasaki questions the appropriateness of this procedure as applied to a motion to dismiss on the basis of *forum non conveniens.* We decline to comment upon this question, but instead note that Kawasaki did not request leave to file a brief nor allege in what way it has been prejudiced by use of the proce-

dure. This Court did not request further briefing pursuant to Rule 1.36(g) because the undisputed material facts are determinative of the appeal and further briefing would not be of assistance.

2. The trial court ruled on October 8, 2009, and the written order was filed on November 9, 2009. Record (R.), Tab 1. The ruling was not embodied in an appealable order until January 8, 2010.

Kawasaki USA (Kawasaki)[3] on the grounds of *forum non conveniens.* Shepherd had purchased a Kawasaki motorcycle in 2007 in Katy, Texas. After several failed repair attempts in Texas and Mexico, Shepherd, a resident of Tulsa, Oklahoma, sued Kawasaki in Tulsa County, Oklahoma, for breach of warranty. Kawasaki filed its answer and then, nearly five months later, filed its motion to dismiss the lawsuit, asserting *forum non conveniens.* Finding the trial court improperly dismissed this case, we reverse and remand for further proceedings.

## UNDISPUTED MATERIAL FACTS

¶ 2 The record on appeal reveals the following undisputed facts:[4]

1. Shepherd resides in Tulsa, Oklahoma.[5]

2. Kawasaki is a United States corporation whose principal place of business is in Irvine, California.[6]

3. On September 28, 2007, Shepherd purchased a new 2008 Kawasaki motorcycle with a warranty from Wild West Honda Kawasaki in Katy, Texas.[7]

4. The bill of sale reflects Shepherd's address as "PO Box 244, Tulsa, Oklahoma 74101."[8]

5. On October 17, 2007, November 3, 2007, and February 6, 2008, Shepherd took the motorcycle to Motocicletas y Equipos, S.A. de C.V. in Monterey, Mexico for repair.[9]

6. On February 28, 2008, Shepherd took his motorcycle to Team Mancuso PowerSports in Houston, Texas for repair.[10]

7. Shepherd contacted Kawasaki on or about January 26, 2009, demanding either restitution or replacement of the motorcycle,[11] neither of which has occurred.

8. Shepherd filed his Petition on March 6, 2009.[12]

9. Kawasaki filed its Answer on April 22, 2009. The Answer included affirmative defenses. None were asserted as to venue.[13]

10. On September 16, 2009,[14] Kawasaki filed its "Motion to Dismiss Based on Forum Non Conveniens."

11. On September 30, 2009, Shepherd filed his response to the Motion to Dismiss and attached an affidavit, stating he had been ill and that his illness restricts his ability to travel.[15]

## STANDARD OF REVIEW

¶ 3 "The dispositive questions in this appeal concerning application of the doctrine of interstate *forum non conveniens* ... are questions of law. We review questions of law by a *de novo* standard, independent of and without deference to the lower court's legal rulings." *Conoco, Inc. v. Agrico Chemical Co.,* 2004 OK 83, ¶ 9, 115 P.3d 829, 833. (Citations omitted.) Application of the doctrine of interstate *forum non conveniens* lies within the sound discretion of the trial court. *Id.* at ¶ 14. "We will reverse for abuse of discretion if the district court reached a con-

3. Although the Oklahoma Supreme Court's record in this case refers to Defendant as "Kawasaki USA," the pleadings reflect Defendant's name as "Kawasaki Motors Corp., U.S.A."

4. The remaining controverted facts refer to the merits of the breach of warranty claims. Discussion of the merits is not necessary to our analysis and determination of the issue of *forum non conveniens* on appeal.

5. R., Tab 6, Petition, p. 1.

6. R., Tab 5, Answer, p. 1, ¶ 2; Tab 4, Motion to Dismiss, p. 1.

7. R., Tab 6, Petition, Exhibit A; Tab 5, Answer, p. 2; Tab 4, Motion to Dismiss, p. 2.

8. R., Tab 6, Petition, Exhibit A.

9. R., Tab 6, Petition, Exhibit C; Tab 4, Motion to Dismiss, p. 2.

10. R., Tab 6, Petition, Exhibits C and D; Tab 4, Motion to Dismiss, p. 2.

11. R., Tab 6, Petition, p. 8; Tab 5, Answer, p. 4, ¶ 27.

12. R., Tab 6, Petition.

13. R., Tab 5, Answer.

14. R., Tab 4.

15. R., Tab 3, Shepherd's response to Kawasaki's Motion to Dismiss.

clusion that is clearly against the evidence and reason." *Id.* (Citation omitted.) Motions to dismiss are generally viewed with disfavor. *Darrow v. Integris Health, Inc.,* 2008 OK 1, 176 P.3d 1204.

## ANALYSIS

¶4 *Forum non conveniens* is a common law[16] doctrine authorizing a trial court to refuse to hear an action that would more appropriately be heard in another location. *Gulf Oil Company v. Woodson,* 1972 OK 164, ¶17, 505 P.2d 484, 488. This doctrine was first addressed in an interstate case by the Oklahoma Supreme Court in *St. Louis–San Francisco Railway Co. v. Superior Court, Creek County,* 1954 OK 223, 276 P.2d 773. *Forum non conveniens* is a "supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined." *Sinochem International Co. Ltd. v. Malaysia International Shipping Corp.,* 549 U.S. 422, 423, 127 S.Ct. 1184, 1186, 167 L.Ed.2d 15 (2007), quoting *American Dredging Co. v. Miller,* 510 U.S. 443, 453, 114 S.Ct. 981, 988, 127 L.Ed.2d 285 (1994). "If venue attaches under any statute, then that action is *rightly brought.* The venue statutes are equal in establishing venue." *Harwood v. Woodson,* 1977 OK 57, ¶10, 565 P.2d 1, 3. "[*Forum non conveniens*] is born in common law." *Id.* at ¶11. Even an action brought in an appropriate statutory venue "does not rule out an attack on venue bottomed on the common law doctrine of forum non conveniens." *Id.* at ¶12.

¶5 Shepherd asserts that the trial court erred in dismissing this case under the doctrine of *forum non conveniens* because Kawasaki waived its right to invoke the doctrine. Kawasaki filed its Answer on April 22, 2009. The Answer included affirmative defenses; none, however, were asserted as to venue. Kawasaki's Motion to Dismiss was

not filed until September 16, 2009—nearly five months after it filed its Answer.

¶6 In support of his argument, Shepherd cites 12 O.S. Supp.2004 § 2012. The relevant portion of the statute states:

> B. HOW PRESENTED. Every defense, in law or fact, to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
>
> . . .
>
> 3. Improper venue
>
> . . . .
>
> A motion making any of these defenses *shall be made* before pleading if a further pleading is permitted.
>
> . . . .
>
> F. WAIVER OR PRESERVATION OF CERTAIN DEFENSES.
> 1. A defense of ... improper venue ... *is waived:*
>
> . . .
>
> b. if it is not made by motion and it is not included in a responsive pleading. . . .

(Emphasis added.)

¶7 In *Halliburton Company v. District Court of Creek County, Drumright Division,* 1974 OK 90, 525 P.2d 628, the defendant's attempt to invoke *forum non conveniens* was rejected by the Oklahoma Supreme Court because it was not filed at the earliest stage in the proceedings.

> [W]e hold that the language in [*Gulf Oil Company v. Woodson,* 1972 OK 164, 505 P.2d 484–] "must be presented at the earliest stage in the proceeding" [–] means an application for change of venue under the doctrine of intrastate forum non conveniens must be filed in the case before the date fixed for the filing of answer, and called to the attention of the trial court without undue delay. The failure to at-

16. The doctrine has now been codified by statute. *See* 12 O.S. Supp.2009 § 140.2. Although the effective date of this statute is November 1, 2009, as a procedural statute it is not limited to prospective-only application. *See Howell v. James,* 1991 OK 47, 818 P.2d 444, citing *Fleming v.*

*Baptist General Convention of Oklahoma,* 1987 OK 54, 742 P.2d 1087. The statutory language does not evidence any legislative intent to supplant the existing common law of *forum non conveniens. See Inergy Propane, LLC v. Lundy,* 2009 OK CIV APP 8, ¶28, 219 P.3d 547, 557.

tempt to invoke forum non conveniens before answer will constitute a waiver and a party will not thereafter be heard to complain of the trial court's failure to grant a change of venue under this doctrine.

*Halliburton Company v. District Court of Creek County, Drumright Division* at ¶ 10, 525 P.2d at 630.[17] Because Kawasaki did not raise the issue of *forum non conveniens* in a timely fashion, either before or at the time it filed its answer, we find, as a matter of law, that Kawasaki waived its right to rely on that doctrine.

¶ 8 Even if Kawasaki had timely raised the issue of *forum non conveniens*, the dismissal should be reversed. Recently enacted, title 12 O.S. Supp.2009 § 140.2 (effective November 1, 2009), provides:

A. If the court, upon motion by a party or on the court's own motion, finds that, in the interest of justice and for the convenience of the parties, an action would be more properly heard in another forum either in this state or outside this state, the court shall decline to exercise jurisdiction under the doctrine of forum non conveniens and shall stay, transfer or dismiss the action.

B. In determining whether to grant a motion to stay, transfer or dismiss an action pursuant to this section, the court shall consider:

1. Whether an alternate forum exists in which the action may be tried;

2. Whether the alternate forum provides an adequate remedy;

3. Whether maintenance of the action in the court in which the case is filed would work a substantial injustice to the moving party;

4. Whether the alternate forum can exercise jurisdiction over all the defendants properly joined in the action of the plaintiff;

5. Whether the balance of the *private* interests of the parties and the *public* interest of the state predominate in favor of the action being brought in an alternate forum; and

6. Whether the stay, transfer or dismissal would prevent unreasonable duplication or proliferation of litigation.

(Emphasis added.)

¶ 9 Although the Legislature did not define "private" and "public" interests, the Oklahoma Supreme Court, considering interstate *forum non conveniens* in *Conoco, Inc. v. Agrico Chemical Co.*, had already defined these terms as follows:

The *forum non conveniens* criteria consider private and public interests. *Gulf Oil Corporation v. Gilbert*, 330 U.S. [501] at 508, 67 S.Ct. [839] t 843 [91 L.Ed. 1055 (1947) ]. The private interests to be considered include whether the forum 1) is convenient for witnesses, 2) may reach unwilling witnesses by compulsory process, 3) allows a view of the premises, 4) is near the sources of proof, and 5) serves to make trial of the case less burdensome and more convenient. *Id.* The public interests include the burden of jury duty on the community and the community interest in having local controversies decided at home. *Id.* Except where the balance of these interests tilts strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *Id.* Oklahoma adopted these criteria in applying the doctrine of interstate *forum non conveniens. St. Louis–San Francisco Ry. Co. v. Superior Court*, at ¶ 23, 276 P.2d at 778.

*Conoco, Inc. v. Agrico Chemical Co.*, at ¶ 11, 115 P.3d at 833. In evaluating those interests, a plaintiff's chosen venue should be given preference. "The plaintiff's choice[18] of forum will be disturbed only in exceptional

---

**17.** *See also Ada–Konawa Bridge Co. v. Cargo*, 1932 OK 790, 163 Okla. 122, 21 P.2d 1, in which the Oklahoma Supreme Court held that questions of jurisdiction and venue should be raised at the earliest stage in the proceeding.

**18.** Here, Shepherd chose Tulsa, Oklahoma, his residence, as his preferred venue. He submitted an affidavit, offering an additional specific reason why he chose Tulsa as his venue—he is currently seeking treatment for a medical condition and has been advised not to travel. Shepherd also asserts that dismissal may affect his rights under Texas law; particularly he asserts the statute of limitations may have run. In light of our decision, we need not address the limitations issue.

cases." *Conoco, Inc. v. Agrico Chemical Co.* at ¶ 10, 115 P.3d at 833. (Citation omitted.)

¶ 10 In *Binder v. Shepard's Inc.*, 2006 OK 17, 133 P.3d 276, the Oklahoma Supreme Court reversed the trial court's granting of the defendant's motion to dismiss based on *forum non conveniens.* The plaintiffs had brought a breach of contract lawsuit against a publisher for failure to pay royalties. The defendant alleged that all of the events occurred outside Oklahoma; that the only Oklahoma connection to any of the parties was that the defendant was registered as a foreign corporation; that there were no witnesses or evidence in Oklahoma; and, that other forums were more convenient. The plaintiffs did not challenge these assertions; however, they argued that the statute of limitations may have run in alternate forums outside Oklahoma.

¶ 11 The *Binder* Court stated that the "balance in the doctrine of forum non conveniens is not tilted toward a defendant's right to a convenient forum, but toward a plaintiff's right to have its claims heard in the forum of its choice." *Binder v. Shepard's Inc.*, at ¶ 6, 133 P.3d at 278. "While a plaintiff may not use its choice of forum to 'vex or harass a defendant,' we disturb its choice only in 'exceptional cases.'" *Id.* (Citation omitted.) "Further, the defendant bears the burden of establishing the existence of a viable alternate forum." *Id.* at ¶ 10, 133 P.3d at 280. (Citation omitted.)

¶ 12 Reversing and remanding the case for further proceedings, the *Binder* Court stated that it was error to dismiss the plaintiffs' case without ensuring that an alternative forum was actually available. The Court instructed the trial court to either deny the "motion to dismiss *or* condition its dismissal to guarantee that an alternate forum is available." *Id.* at ¶ 14. (Emphasis added.) *See also Framel v. State Farm Mutual Automobile Insurance Co.*, 2008 OK CIV APP 40, 181 P.3d 755 (in this interstate *forum non conveniens* case, the Court of Civil Appeals, citing *Binder,* reversed and remanded the case to the trial court for consideration of the alternative of establishing conditions for dismissal set forth in *Binder.*)

## CONCLUSION

¶ 13 Based on the review of the record before us and the applicable law, we find Kawasaki failed to timely raise *forum non conveniens* and thus waived its right to assert the doctrine. Because of this waiver, we find the *Binder* case's conditional dismissal alternative is not available to Kawasaki. The trial court erred by granting Kawasaki's motion to dismiss and dismissing Shepherd's lawsuit. The order granting the motion to dismiss should be, and hereby is, reversed. We remand to the trial court for further proceedings consistent with this opinion.

¶ 14 **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

WISEMAN, C.J., and FISCHER, P.J., concur.